MEADO-LAWN HOMES, INC., Plaintiff, *v.* WESTCHESTER LIGHTING COMPANY and BI-STATE DEVELOPMENT CORPORATION, Defendants.

Supreme Court, Special Term, New York County, May 10, 1939.

*Pfeiffer & Crames,* for the plaintiff.

*Beardsley & Taylor,* for the defendant Westchester Lighting Company.

*Martin Ginzler,* for the defendant Bi-State Development Corporation.

COTILLO, J. Prior to February 24, 1937, the defendant Development Corporation was the owner of a tract of land in Westchester County which it was developing for subdivision and sale. To further such purposes it entered into agreements with the defendant Lighting Company whereby the latter laid and maintains its gas mains in certain streets through or abutting on the tract. The Development Corporation, pursuant to the provisions of such agreements, paid the Lighting Company substantial sums based on the

size and length of gas mains laid, and it also, at its own cost and expense, excavated the trenches and, after the mains were placed, refilled such trenches and restored the street surfaces. By the agreements the Lighting Company agreed that it would upon demand refund to the Development Corporation certain specified sums for each house connected with the gas mains so laid, the aggregate refunds not to exceed the sums paid to it by the Development Corporation and the cost to the latter of trenching and backfilling. The agreements provide that the mains shall at all times be and remain the property of the Lighting Company. Under these agreements the Development Corporation has paid to the Lighting Company and for trenching and backfill a sum in excess of $7,900.

The Development Corporation did not itself erect any houses on the tract. It sold some of the lots and received refunds from the Lighting Company at the agreed rates, as and when houses were erected by its grantees, and connected with the gas mains.

In 1937 the Development Corporation entered into a written contract with one Distillator for the sale to him of all but four of the then unsold lots in the tract. Distillator assigned his contract to this plaintiff, to whom the lots " together with the appurtenances and all the estate and rights of the party of the first part in and to said premises " were conveyed by the Development Corporation by deed dated February 24, 1937. Plaintiff has since erected a number of houses upon some of the lots so conveyed to it which have been connected with the gas mains. It claims to be entitled to the refunds provided for in the agreements between its grantor and the Lighting Company, and this action is brought to determine the rights of the parties. The Lighting Company does not dispute its liability to make refunds, but seeks to have the ownership thereof adjudicated for its own protection.

Neither the contract of sale nor the deed made any mention of or reference to the refund agreements, and from the proofs before me it appears that neither plaintiff nor its assignor knew of their existence at or prior to the closing. While the refund agreements contain the usual provision that it shall " enure to the benefit of and be binding upon the successors and assigns of the respective parties " thereto, such a clause merely makes the agreement assignable but does not work an assignment thereof. The plaintiff is not the " successor " of the defendant Development Corporation within the meaning of the clause unless the contract is one running with the land which passed under the " appurtenance " clause of the deed of the real estate.

Much has been written concerning contracts running with the land and the acquisition of rights therein by a subsequent grantee. In *Neponsit P. O. Assn.* v. *Emigrant Ind. Sav. Bank* (278 N. Y. 248), Judge LEHMAN summarized the rules on this subject as follows: " The age-old essentials of a real covenant, aside from the form of the covenant, may be summarily formulated as follows: (1) it must appear that the grantor and grantee intended that the covenant should run with the land; (2) it must appear that the covenant is one ' touching ' or ' concerning ' the land with which it it runs; (3) it must appear that there is ' privity of estate ' between the promisee or party claiming the benefit of the covenant and the right to enforce it, and the promissor or party who rests under the burden of the covenant."

As to the essential designated (1) in the foregoing, there is an entire absence of proof or inference of intent. The grantee, so far as appears, had no knowledge of the contract it now claims the benefit of. It does not appear that the right to refunds played any part in fixing the sale price. The refunds now are in excess of the cash consideration paid, although much less than the total sales price. Intent that the refund agreement should run with the land cannot be spelled out of the transaction. The mains had been laid and the agreement is not essential to any rights of the grantee to connect its houses with them in order to obtain this public utility which the Lighting Company is bound by law to furnish to all within reach of its mains. The fact that plaintiff and its grantees are thus assured of service independent of the refund agreement destroys any claim that such agreement is one which " touches " or " concerns " the land, hence the second essential above referred to is lacking.

The refund agreement was made between the Development Corporation and the Lighting Company. There is no privity between the latter and the plaintiff in the absence of a legal assignment of the refund agreement by the Development Corporation. Concededly there was no specific transfer of the agreement. The relationship between plaintiff and the Lighting Company is that of property owner and utility corporation under duty to supply the public. The refunds under the agreement in no wise affect plaintiff's title to or enjoyment of the premises, and did not affect the price it paid for the property. On equitable grounds as well as for failure to establish the technical essentials, plaintiff's claim must be rejected and the defendant Development Corporation adjudged entitled to all refunds accrued or to accrue under the agreement. Submit decision and judgment in accordance herewith.