■ In the Matter of PHILIP STERN, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— Order, entered on September 1, 1961, denying the application for leave to sue the Motor Vehicle Accident Indemnification Corporation unanimously affirmed, on the law, with $20 costs and disbursements to respondent. Petitioner-appellant is an "insured" rather than a "qualified person" by virtue of his holding an automobile insurance policy issued in his name by a member insurer of the Indemnification Corporation (Insurance Law, §§ 601, 618). Consequently, the further question of whether the cause of action is within the statute is not reached (Insurance Law, § 617). Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MERVIN B. GLASSMAN, Respondent.— Order, entered April 9, 1962, granting defendant's cross motion to dismiss Indictment Number 2292–60 for lack of prosecution, unanimously reversed, on the law and facts, without costs, and the indictment reinstated. The record shows that the adjournments complained of were consented to by defendant. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ DELA MCCARTHY, Respondent, v. PATRICK J. DOWNES, SR., et al., Appellants.— Order, entered July 28, 1961, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of reversing that part of said order which granted permission to the substituted administratrix to amend the complaint to add a cause of action for wrongful death and denying the motion of the substituted administratrix, without prejudice to a renewal on a proper medical affidavit and as thus modified the order is affirmed, with $20 costs and disbursements to appellants. The original plaintiff instituted an action for personal injuries in May, 1958, resulting from an accident three months before. The bill of particulars alleged a whiplash injury to the soft tissues of the neck and back, a fracture of the seventh rib, and confinement for approximately five months. An amended bill served in February, 1959, later claimed that plaintiff was still partially disabled, though ambulatory, and a fracture of the first lumbar vertebra. In moving for a substitution and to add a cause for wrongful death, the administratrix stated that the plaintiff committed suicide on November 7, 1960, and in her belief, the death occurred as a result of the injuries sustained in the accident. No medical proof was submitted. In granting the motion to add a cause of action for wrongful death competent proof must be submitted, indicating a causal relationship between the accident and the subsequent death. (*Bedarf* v. *Rosenbaum*, 286 App. Div. 1103.) In this case, the mere conjecture of the administratrix, absent any medical proof, that the original plaintiff's mental condition deteriorated after the accident to such an extent that she finally committed suicide, is not the competent proof required. Nor is there any merit to the argument that since the administratrix is free to start an independent action for wrongful death and then move for consolidation, pursuant to section 96 of the Civil Practice Act, the motion to amend was properly granted. For in *Augenbraun* v. *G & B Distributors* (17 A D 2d 785), it was held that the administratrix cannot avoid the burden of producing medical evidence connecting the death and the accident by such a procedural device. Accordingly the motion should have been denied, without prejudice to a renewal upon competent medical proof. Concur — Breitel, J. P., Rabin, Valente, Stevens and Steuer, JJ.