EAST ASIATIC COMPANY, INC., Respondent, *v.* J. H. CORASH et al., Appellants.
EAST ASIATIC COMPANY, INC., Respondent, *v.* RAPCOR REALTY, INC., et al., Appellants.

First Department, July 2, 1970.

*Joseph R. Shaughnessy* of counsel (*Cox, Treanor & Shaughnessy,* attorneys), for appellants.

*Robert R. MacDonnell* of counsel (*John Osnato, Jr.,* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for respondent.

Steuer, J. Plaintiff originally sued three defendants: J. H. Corash, an individual (Corash), Rapcor Realty, Inc. (Rapcor) and the Trustees of Columbia University (Columbia). While this action was pending plaintiff started a second action based on the same transaction but alleging somewhat different facts and proceeding on different theories. This second action was against Rapcor and Columbia. Those defendants moved to dismiss the second suit on several grounds, including that there was another action pending. Plaintiff thereupon moved to amend the complaint in the original action.

Special Term granted the motion to amend without passing upon the validity of the causes of action as amended. While this practice has several precedents respectable because of their age, it represents a procedure which is no longer tolerable. The day when motion practice would be allowed to proliferate through avoiding coming to grips with the substantial question is past. We can no longer afford the time or judicial manpower for the repeated applications for the same relief which necessarily result from postponing decision. Special Term also denied the motion to dismiss the second suit and directed that the actions be tried together.

The basic allegations which underly all the causes of action are these. Plaintiff was the owner of the realty located at

103 Front Street in the Borough of Manhattan. It contracted to sell this property to Corash for $230,000. The contract contained a rather unusual provision. Corash agreed that if he bought other property on Front Street which was to be developed in conjunction with the subject property, if the price paid for the other property was in excess of the square-foot rate for the subject property Corash would pay an additional sum equal to the difference between the contract price and the price it would have been at the rate paid for the other property. The contract further provided that this provision was binding on Corash if the purchase was made by his " successor or assigns." The contract further provided that Corash might assign it to a corporation and if the corporation accepted the obligation Corash would be relieved of all liability. Corash did assign to Rapcor, which accepted the obligation. Rapcor later took title to the property. Thereafter it sold the property to Columbia. Columbia bought other property on Front Street to incorporate into a development with the subject property at prices which would, according to the formula in the contract, raise the price of the subject property by $300,000, which sum the plaintiff seeks against all defendants.

Patently, proof of these facts alone would not entitle plaintiff to recover against any of the defendants. Corash is absolved of any liability by the terms of the contract of purchase. Rapcor did not purchase the additional property, nor did its successor or assign, which was a necessary act to invoke liability. The contract places no liability whatever on Columbia.

We now examine the allegations of the proposed amended complaint and the complaint in the second case to determine whether there are any additional facts alleged which would entitle plaintiff to any relief. Taking first the proposed amended complaint, the first cause of action alleges that in the above-described transaction both Corash and Rapcor were acting as undisclosed agents for Columbia. Obviously, this would be no basis for liability as against Corash or Rapcor — Corash because concededly both as agent or principal he was excused from performance; Rapcor, never as agent or principal, bought the additional property which act is the basis of liability. While neither of these objections is available to Columbia, in order to hold this defendant it would have to be alleged that Columbia authorized Rapcor to accept the assignment from Corash and to agree to assume the obligation of the contract on its behalf. No such authorization, and specifically no authorization as provided by the General Obligations Law (§ 5–1111), is pleaded.

The second cause of action which is against Rapcor alleges that by virtue of the deed from Rapcor to Columbia, Columbia became the "successor or assign" of Rapcor and Rapcor became liable for the consequences of Columbia's subsequent purchases. This, however, is merely an incorrect legal conclusion. From the pleaded narration of the facts Columbia is a purchaser and neither a successor nor an assign (*Meado-Lawn Homes* v. *Westchester Light. Co.*, 171 Misc. 669, affd. 259 App. Div. 810, affd. 284 N. Y. 667).

The third cause of action alleges that Rapcor was the alter ego of Columbia and had no separate existence apart from Columbia. Without some further allegation as to how this comes about, this allegation is so purely conclusory as to be meaningless. Even if the widest possible latitude is given to the form, the use of a dummy corporation in real estate transactions is perfectly permissible and in the absence of fraud evokes no consequences (see *Fraw Realty Co.* v. *Natanson,* 261 N. Y. 396, 408 [LEHMAN, J., dissenting] ; *Matter of Childs Co.,* 163 F. 2d 379, 382).

Turning now to the complaint in the second action, the first cause of action is identical with the second cause of action of the proposed amended complaint. The second cause of action alleges that when Rapcor transferred a deed to the premises to Columbia it did so either without consideration or without adequate consideration and hence the transfer was made to defraud or hinder and delay Rapcor's creditors. This is entirely meaningless as there is no showing that Rapcor was at any time indebted to plaintiff. The third, fourth and fifth causes of action are similarly based on the alleged insolvency of Rapcor.

The sixth cause of action is identical with the third cause of action, and the seventh with the first of the proposed amended complaint.

In short, none of the causes of action in either the proposed amended complaint or in the second action states a cause of action. As regards Corash and Rapcor, it is inconceivable that plaintiff will be able to do so. As regards Columbia, the situation is somewhat different. It is possible that two of the causes of action could be properly pleaded if the facts warrant. These are the sixth and seventh causes of action in the second action, and their counterparts, the first and third causes of action in the proposed amended complaint. To cure the sixth cause of action it would have to be alleged that Columbia duly authorized Rapcor to act as its agent in accepting and agreeing to assume the obligation of the Corash contract. In the seventh cause of

action it would have to be alleged that Columbia used Rapcor with a fraudulent intent to conceal its participation in the purchase of the property.

The status of the cases as left by Special Term is of two separate actions to be tried together with largely duplicated causes of action. We do not deem it of particular significance that there may be one or two actions, as long as only one trial or bill of costs will result. As a result of the conclusion here, the original suit remains on the original complaint. The second action is dismissed but may be reactivated if an amended complaint limited as above indicated is allowed.

The order entered November 17, 1969, granting leave to serve proposed amended complaint should be reversed on the law, without costs and without disbursements, and motion denied.

The order entered November 17, 1969, denying motion to dismiss should be reversed on the law, without costs and without disbursements, and motion granted, without prejudice to an application for leave to serve an amended complaint as against defendant Trustees of Columbia University in accord with this memorandum and limited to the sixth and seventh causes of action.

McGivern, J. (dissenting). The awesome sweep of the majority's opinion bewilders me. Where once stood 10 causes of action, but one remains. And this decimation has been accomplished, before the plaintiff has had an opportunity to complete its pretrial and discovery procedures and without the submission of a grain of evidence on behalf of the defendants. All in the name of judicial economy. I think the cause would be better served if we honored the precedents and the precepts, allowed the plaintiff to complete its pretrial examinations — and then go to trial, on the pleadings found acceptable by Special Term.

Treating the first complaint, I have always understood it to be the rule that barring surprise or prejudice, a timely application to amend a complaint will never be denied. (CPLR 3025, subd. [b]; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3025.13, 3025.14; McCabe v. Queensboro Farm Prods., 27 A D 2d 936; and Gonzalez v. Concourse Plaza Syndicates, 27 A D 2d 516.) This the plaintiff seeks to do as a result of freshly acquired information. Even the majority concedes that in the plaintiff's favor there are " precedents respectable because of their age ". The profession should be alerted that from this decision forward these " respectable precedents " will be

accorded the same homage currently paid to the divine right of Kings.

Turning to the second complaint, I find no difficulty in concluding that this complaint tells a tale of fraud and concealment, in order to frustrate the plaintiff from its contractual rights: Columbia stood in the shadows, an undisclosed principal; Corash and Rapcor were but puppets and by a concert of fraud they did the plaintiff out of its contractual rights. This complaint puts the defendants on notice of the transaction to be proved, and that is sufficient for a good pleading. (CPLR 3013; *Lane* v. *Mercury Record Corp.*, 21 A D 2d 602, affd. 18 N Y 2d 889; also *Foley* v. *D'Agostino*, 21 A D 2d 60.) Not for us to evaluate the possibilities or weigh proof not yet before us and prematurely pass on questions of ultimate fact. Indeed, it is rudimentary that we are enjoined to accept the allegations as true.

True, Columbia may possibly evade liability because of section 5–1111 of the General Obligations Law (see *Commission on Ecumenical Mission and Relations of United Presbyt. Church in U. S. of Amer.* v. *Roger Gray, Ltd.*, 34 A D 2d 94), but if concealment of an interest with fraudulent design is proven, the result may be otherwise. And Columbia will have to explain the deed of May 23, 1966 whereby the Rapcor Realty, Inc. signed by one Robert E. Guest, vice-president, who also, it seems, is a well-known functionary and a member of the board of directors of Columbia, associated with its real estate department, indicating a hidden identity of interest between Rapcor and Columbia.

If in some measure the complaint in the second action be duplicative of the proposed amended complaint, no harm ensues and such fact, as the majority opinion recognizes, is not of any particular significance, particularly in view of the direction that both actions be tried together. The disposition of Special Term serves the salutary purpose of achieving at one time the adjudication of an entire controversy, predicated upon transactions or occurrences, concerning which defendants have been fully apprised.

Thus, to my mind, the majority have precipitately and, in a sharp departure from the cases, dismissed unjustifiably most of the plaintiff's causes of action, deprived it of its right to amend, and if anything, further delayed a consideration of the case on its merits.

The learned Justice at Special Term correctly followed the CPLR, the precedents which explicate it, he was correct and he should be upheld.

STEVENS, P. J., and MARKEWICH, J., concur with STEUER, J.; McGIVERN, J., dissents in opinion.

Order, in first above-entitled case, entered on November 17, 1969, reversed, on the law, without costs and without disbursements, and the motion denied.

Order, in second above-entitled case, entered on November 17, 1969, reversed, on the law, without costs and without disbursements, the motion granted, and the complaint dismissed, without prejudice to an application for leave to serve an amended complaint as against defendant Trustees of Columbia University in accord with the opinion of this court filed herein, and limited to the sixth and seventh causes of action.