■ THOMAS P. REIS, Respondent, v JEANNETTE GADSON et al., Constituting the Board of Education of Community School District No. 23 of the Board of Education of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellants to reinstate petitioner to his position as a teacher, the appeal is from a judgment of the Supreme Court, Kings County, entered May 10, 1977, which, *inter alia,* directed appellants to reinstate the petitioner, with appropriate back pay. Judgment affirmed, with $50 costs and disbursements. Petitioner, a tenured teacher, was placed on probation from December 1, 1975 to November 30, 1976 as a penalty for having participated in a teachers' strike (see Civil Service Law, § 210, subd 2, par [f]). In October, 1976 the community school board decided to terminate petitioner's employment because he had pleaded guilty to a charge of disorderly conduct. The notice of termination stated that, "in accordance with Section 2573 of the N.Y.S. Education Law", petitioner's employment would terminate on November 5, 1976. This procedure was improper. The discharge occurred during the probationary term, with some 24 days remaining thereon, and petitioner was therefore entitled to a hearing at which his misconduct or incompetence had to be established by the board of education. According to the Civil Service Law (§ 210, subd 2, par [f]), teachers who have been placed on probation for engaging in an illegal strike in violation of the Taylor Law, are entitled to the pretermination rights of nonteacher probationary public employees (see Civil Service Law § 63; 4 NYCRR 4.5). Such rights include the right to a hearing at which incompetence or misconduct must be proven if the employee is discharged during his term of probation (see 4 NYCRR 4.5 [a] [1]). Petitioner, however, was treated as though his discharge merely constituted a refusal to grant tenure; a determination which does not require a hearing (see 4 NYCRR 4.5 [a] [3]; see, also, Education Law, § 2573). In order to accomplish that design, the board should have waited until the completion of the probationary term (see *Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal,* 40 NY2d 487). Having acted 24 days before the end of the one-year probationary period, however, the board should have conducted a hearing pursuant to section 75

of the Civil Service Law. Its failure to do so means that petitioner was wrongfully discharged and was properly reinstated to his position by Special Term. Titone, J. P., Rabin, Gulotta and Margett, JJ., concur.