OPINION OF THE COURT
Bentley Kassal, J.
Petitioner’s motion for leave to reargue (mot No. 56 of Sept. 8, 1978) and her companion motion for leave to amend the petition in the form proposed (mot No. 57 of Sept. 8, 1978) are considered together and decided as follows:
To the extent that these motions seek reargument of my decision dated July 19, 1978 dismissing the petition on the ground that the court overlooked a controlling or decisive principle of law or misapprehended any material fact which was properly raised in the prior petition, they are denied.
*848 To the extent that the motions request the court to consider two legal events which took place after the petition was served, but before the decision was rendered, the motion is granted in the interests of justice.
REPEAL OF SECTION 210 (SUED 2, PAR [f]) OF THE CIVIL SERVICE LAW
The first changed circumstance, which the petitioner notes, is the repeal of section 210 (subd 2, par [f]) of the Civil Service Law, effective July 5, 1978 (L 1978, ch 465). This was the provision of the Taylor Law under which the petitioner had been placed on probation and her services ultimately terminated.
The repealing legislation expressly states: "Notwithstanding any inconsistent provision of law, the probationary period of any employee or loss of tenure imposed pursuant to the provisions of former paragraph (f) of subdivision two of sectiqn two hundred ten of the civil service law, repealed by this act [L 1978, ch 465], is hereby terminated.”
While the language of that act may not be the clearest, the Memorandum of its sponsor Assemblyman Stephen R Greco, expressly states: "This bill amends paragraph (f) of subdivision 2 of Section 210 of the Civil Service Law to delete the current provisions which provide for placement on probation for a period of one year for any public employee who has allegedly engaged in a strike. The bill also provides for the immediate termination of the probationary period of any such public employee now on probation as a result of the operation of the current law prior to the enactment of this amendment.”
Thus it is clear that the intent of the legislation was to terminate the probation and restore tenure to those teachers who were on probation on the effective date of the legislation, July 5, 1978. It was not intended to restore to tenured positions those teachers who had been placed on probation and terminated prior to its effective date. Since the petitioner was terminated more than six months prior to the effective date of the act, she was not within its coverage.
PREMATURE TERMINATION
Petitioner’s second argument is based upon the recent Appellate Division, Second Department, decision in Reis v Gad-son (61 AD2d 1042). There, as here, the teacher had been *849 placed on a one-year probation for engaging in an illegal strike, in violation of the Taylor Law. With 24 days remaining on the probationary term, the teacher was discharged for having pleaded guilty to a charge of disorderly conduct. The court held that the discharge during the term of probation was improper since the teacher had not received a pretermination hearing and affirmed the order of the trial court, reinstating the teacher..
In the present case, however, the termination was clearly a refusal to grant tenure, which does not require a hearing, as is indicated by the notices sent to the petitioner. The September 23, 1976 notice from the high school superintendent informed the petitioner that he was not recommending that she be granted tenure and that her services would be terminated November 30, 1976. The letter from the Chancellor, dated October 28, 1976, adopted the recommendation of the high school principal and terminated the probationary period. The date of termination, however, was November 29, 1976 one day prior to the expiration of the one-year probation.
Thus, unlike the situation in Reis v Gadson (supra) (where the court did make the same distinction) it is clear here that the decision was to refuse tenure rather than to terminate the teacher during the term of the probation for misconduct or incompetence.
As has been noted by the Court of Appeals, the interaction of the various statutes and regulations governing termination of teachers is highly complex and should not be given "overliteral application” if the result would be absurd. (Tuller v Central School Dish No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal, 40 NY2d 487; Matter of Going v Kennedy, 5 AD2d 173, affd 5 NY2d 900.) As the court stated in the Tuller case (supra, p 493) the language of the statutes must be read with the over-all legislative purpose in mind. The purpose of the probationary period is to give the teacher a reasonable period to demonstrate her ability in order to warrant renewal of tenure. Such an opportunity was afforded the petitioner here.
It is undisputed that the date of the petitioner’s discharge here was one day premature. Thus, she would be entitled to reinstatement, but only for that day, since she was subject to dismissal the next day. Under such circumstances, the relief to which petitioner would be entitled would be one day’s salary. (People ex rel. Hoeges v Guilfoyle, 61 App Div 187.)
*850 Although the respondent has not contested this issue of one day’s salary, it is not the relief demanded originally and the respondent should be permitted to answer the amended petition if it so desires.
Accordingly, the motion to reargue is granted and, upon reargument, the prior decision is adhered to, except to the extent that petitioner may serve an amended petition, which amendment shall be limited to seeking one day’s salary, to which respondent shall timely answer, unless within 30 days of service of a copy of this order with notice of entry, the respondent affords the petitioner the salary and benefits to which she would have been entitled for that one day.
In all other respects, the. motion for leave to amend the petition is denied, since I have found that the proposed amended pleadings are lacking in merit as a matter of law. (East Asiatic Co. v Corash, 34 AD2d 432.)