■ TANJONG SHIPPING, INC., Appellant-Respondent, v HERMAN BERKE et al., Respondents-Appellants.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), dated February 25, 1984, granting defendants' motion to dismiss the complaint on the ground that the plaintiff had not been authorized to sue, and dismissing defendants' counterclaims and denying plaintiff's motion to amend the pleadings to add as plaintiffs several named individuals, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with costs to plaintiff, to deny defendants' motion to dismiss the complaint, to permit plaintiff to amend the pleadings to include the named individuals as plaintiffs, and to reinstate the defendants' counterclaims.

In this action brought in the name of Tanjong Shipping, Inc. (Tanjong), a Panamanian corporation, it is alleged that Tanjong was the owner of a certain ocean-going motor vessel, *The Belem,* subject to a mortgage held by the defendant Navega-

cion Granada, S. A. (Granada); that the individual defendant Berke was at all times in control of the several named corporate defendants; that Tanjong had entered into a memorandum agreement whereunder certain buyers were to purchase the ship exclusive of insurance proceeds then due and owing to the plaintiff; that the several defendants tortiously interfered with that agreement causing its cancellation; and that the defendants through fraudulent representations and other unlawful means induced the plaintiff to sell *The Belem* to defendant Karib International Trading Co., Ltd. (Karib) at an unconscionable price and to sell plaintiff's valuable insurance claims to the defendant Karib.

The complaint sought compensatory and punitive damages as well as the rescission of the agreement and documents transferring *The Belem* to the defendant Karib together with related assignments and restoration of plaintiff to its original position. In an answer dated December 11, 1979, the defendants denied the material allegations of the complaint, interposed counterclaims on behalf of two of the corporate defendants, and asserted as an affirmative defense "[t]hat the complaint is not authorized by TANJONG."

On the eve of the trial, some four years after service of defendants' answer and after extensive motion practice difficult to understand except on the basis that defendants acknowledged that Tanjong was an appropriate plaintiff in this action, defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (2), (3), (7) and (10). The motion was premised on the circumstance that in a document executed in connection with the sale of the ship, Michael Mastrandreas, the majority stockholder in Tanjong and the moving force in this action, transferred to Karib "all right, title and interest in TANJONG SHIPPING CO., S. A., and his own stock in said company, subject only to the prior rights of the mortgagee Navegacion Granada S.A.".

The motion to dismiss was opposed on the grounds that no stock certificate was ever issued to Karib, that the plaintiff's board of directors never ratified the purported transfer of all interest in Tanjong to Karib, and that defendants should be deemed estopped by their litigation conduct to challenge plaintiff's authority to sue. In addition, plaintiff cross-moved for permission to amend the complaint to include as plaintiffs Mastrandreas and the two minority stockholders at the time of the transactions sought to be rescinded. The trial court granted the motion to dismiss on the basis that the action in the name of Tanjong was not authorized by anyone with

power to do so, and went on to deny the motion to amend the complaint on the ground that the proposed plaintiffs had never been subject to the court's jurisdiction and two of the parties involved had never been examined in depositions. Having granted defendants' motion to dismiss the complaint against Tanjong, Trial Term also dismissed the counterclaims against Tanjong.

We disagree, and accordingly reverse the order appealed from, deny the motion to dismiss the complaint, reinstate the counterclaims, and grant plaintiff's motion to amend the complaint to include as plaintiffs the several shareholders of Tanjong at the time of the challenged transactions.

We think it unnecessary to determine at this stage of the litigation whether or not the language transferring the majority stockholders' stock in Tanjong to Karib forecloses as a matter of law the authority of Michael Mastrandreas to commence this action in Tanjong's name under the circumstances presented. What seems clear is that the issue raised by the challenge to his authority to commence this action is inextricably linked with the substantive issues presented by the allegations in the complaint and should be determined together with those dispositive issues. If it should prove to be the fact that the sale of the ship was induced by a course of conduct that would entitle Tanjong to rescission, the right to that remedy should not be denied because the same course of conduct brought about, as part of the transaction, a sale of the majority interest in the seller corporation.

Nor are we persuaded that it would serve any useful judicial purpose to require, in the unusual situation presented, two separate lawsuits—the first by individual stockholders seeking a rescission of the sale of stock, and if that suit should be successful, a second lawsuit in the name of the corporation seeking on essentially the same grounds a rescission of the sale of the ship.

Whether or not the individual stockholders of Tanjong at the time of the sale are necessary parties in this lawsuit, an issue we think unnecessary to decide now, it seems clear that they are appropriate parties under the unusual circumstances disclosed in this record. (See, CPLR 1001, 1002; Siegel, NY Prac §§ 131-134.) Accordingly, plaintiff should have been permitted to amend the complaint to join the individual stockholders as additional parties. Concur—Sandler, J. P., Asch, Fein, Milonas and Kassal, JJ.