■ ROSALYN HAWKINS, Respondent, v GENESEE PLACE CORP. et al., Defendants; MADISON AVENUE HOTEL PARTNERS et al., Appellants, and ST. AMBROEUS RESTAURANT, Respondent and Third-Party Plaintiff, et al., Third-Party Defendants.—Order of the Supreme Court, New York County (Walter M. Schackman, J.), entered June 23, 1987, denying the motion of defendants Madison Avenue Hotel Partners and E. William Judson to amend their answer to plead the affirmative defense of the Workers' Compensation Law, is reversed, on the law and facts, and the motion granted, without costs or disbursements.

Plaintiff was injured when she fell down a flight of stairs at the Hyde Park Hotel, where she was working as a maid. The hotel is operated by defendant Madison Avenue Hotel Partners. Third-party defendant Judson Realty, Inc. was the managing agent of the hotel and the employer of plaintiff. Defendant E. William Judson was an officer of Judson Realty, Inc.

After conducting an examination of plaintiff, defendants Madison Avenue Hotel Partners and E. William Judson sought leave to serve a second amended answer to plead the

affirmative defense of the Workers' Compensation Law. The Supreme Court denied this motion, finding that the proposed defense was "not valid" for either defendant.

While the validity of a proposed amended pleading should be examined upon a motion to amend *(East Asiatic Co. v Corash,* 34 AD2d 432), its legal sufficiency and merit must be sustained unless the alleged insufficiency or lack of merit is clear and free from doubt *(see, Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514). This function of the reviewing court is predicated upon concepts of judicial economy and efficiency. It is not meant to supplant the motion to dismiss or for summary judgment *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, at 481).

Applying these precepts, it is clear that the proposed amendment was sufficient and the court at nisi prius incorrectly passed on the merits of the affirmative defense. Defendant Judson, who is sued for alleged negligence in the management of the premises, argues that he is an officer of Judson Realty, Inc., plaintiff's employer, and therefore has the status of plaintiff's coemployee under the ambit of the Workers' Compensation Law. Contrary to the contention in the dissent, defendant Madison Avenue Hotel Partners asserted in its papers submitted to the nisi prius court that, although in the general employ of Judson Realty, Inc., its managing agent, plaintiff was also in its special employ. In fact, the Supreme Court noted, in its decision denying the requested relief, that defendant Madison sought to show plaintiff was "a special employee", certainly disproving the dissent's position that this theory was raised for the first time on appeal. Whether there is a special employment relationship for the purposes of the Workers' Compensation Law is often a question of fact involving the consideration of multiple factors *(see, Cameli v Pace Univ.,* 131 AD2d 419). The further reference in the dissent to the absence of "facts" showing a special employment relationship would, if required, change the character of a motion under CPLR 3025 (b), where leave "shall be freely given", into one for summary judgment or dismissal of a pleading pursuant to CPLR 3212 or 3211.

The interposition of these proposed defenses, however, is not frivolous or patently insufficient. Therefore, the Supreme Court should have allowed amendment of the answer pursuant to CPLR 3025 (b). Concur—Murphy, P. J., Kupferman, Carro and Asch, JJ.

Ellerin, J., dissents in part in a memorandum as follows: I

would grant leave to amend the answer to assert the defense of the exclusive remedy of workers' compensation only as to Judson Realty, Inc. and E. William Judson, but not on behalf of Madison Avenue Hotel Partners (Madison).

While the degree and extent to which one must establish the validity of a proposed amended pleading on a motion to amend is subject to differing interpretations (compare, for example, East Asiatic Co. v Corash, 34 AD2d 432, with Fisher v Carter Indus., 127 AD2d 817), it is certain that before leave can be granted under CPLR 3025 (b) a party must submit affidavits which at least show a prima facie basis for the claim sought to be asserted. (See, e.g., Anos Diner v Pitios Gourmet, 100 AD2d 948.) Here, the meager papers submitted by the defendants barely make out a claim in general and evidence no basis for the defense as to Madison.

These defendants assert that they first learned of the availability of this defense when Ms. Hawkins testified at her deposition that she worked as a maid at the Hyde Park Hotel in the employ of Judson Realty, Inc. The proposed second amended complaint alleges that plaintiff "was in the employ of the defendant Judson Realty, Inc." and goes on to allege that the employer (singular) obtained workers' compensation insurance for Ms. Hawkins. Accordingly, it is clear that based on the sole facts provided by the defendants, the defense of workers' compensation is available only to Judson Realty, Inc., as the employer.

I also agree with the majority that E. William Judson, individually, although not the employer, should be allowed to plead this defense. The allegation that as an officer of Judson Realty, Inc. he is plaintiff's coemployee under the ambit of the Workers' Compensation Law is sufficient at this stage of the proceedings, since it presents a colorable factual basis for the interposition of the defense.

However, defendant Madison in no way can be construed on these papers to be plaintiff's employer, and it should not be able to utilize the defense of workers' compensation. The defendants allege only that Madison "operated" the hotel and nowhere do they claim that Madison employed Hawkins. Madison never submitted any affidavits on this motion and did not set forth any facts showing that Hawkins was its employee. By the defendants' own admission in both their papers in support of the motion and in the proposed amended pleading itself, only Judson Realty, Inc. was plaintiff's employer.

Madison claims in its brief on this appeal that plaintiff was

in its special employ. However, in the papers submitted on the motion it did not assert this theory. Furthermore, in those papers the defendants never alleged any facts by which it can be implied, let alone determined, that plaintiff was a "special employee" of Madison. The reference to the "special employment" doctrine in the majority memorandum is therefore misplaced and has no relevance to the proceeding.