■ REBECCA DANIELS et al., Appellants, v EMPIRE-ORR, INC., Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about March 10, 1989, which denied plaintiffs-appellants' motion to amend their complaint to add a cause of action for gender-based employment discrimination, unanimously reversed on the law, the facts, and in the exercise of discretion, and the motion granted, with costs.

The plaintiffs filed their original complaint in this action on or about March 4, 1988. The complaint stated 11 causes of action, all of which were predicated on the alleged wrongful termination of plaintiffs Rebecca and Kenneth Daniels' employment with the defendant in violation of employment contracts entered into between the parties. Shortly after discovery commenced, the plaintiffs moved to amend their complaint to add a twelfth cause of action on behalf of Rebecca Daniels for gender-based employment discrimination under New York Executive Law § 296 (1) (a) *et seq.*

After a hearing the parties were directed to submit supplemental briefs on two issues raised by the defendant in opposition to the motion during oral argument. Defendant asserted that the plaintiff had not exhausted her administrative remedies for the proposed amended cause of action, and questioned whether said cause of action was barred by the applicable Statute of Limitations. Although the plaintiff was given until March 8, 1989 to submit her brief on these issues, the court denied her motion by order dated March 1, 1989 on the ground that she failed "to demonstrate any facts which would substantiate a cause of action for employment discrimination." Consequently, the only issue we decide here is whether the plaintiff's proposed cause of action for gender-based employment discrimination is sufficiently meritorious to grant her leave to amend her original complaint.

The motion court misapplied the result reached by this court in *Crimmins Contr. Co. v City of New York* (138 AD2d 138 [1st Dept 1988]). In *Crimmins,* this court reaffirmed the modern practice of motion courts to dispose of unmeritorious claims and defenses subsequently brought into the litigation by way of supplemental pleading rules. (CPLR 3025; *see, Crimmins Contr. Co. v City of New York, supra,* at 141-142.) The standard that a court must employ to achieve this result, however, is demonstrably different from the standards applied to either a CPLR 3211 motion to dismiss or a CPLR 3212 motion for summary judgment. *(Hawkins v Genesee Place Corp.,* 139 AD2d 433 [1st Dept 1988].)

The analysis established by this court in *East Asiatic Co. v Corash* (34 AD2d 432, 436 [1st Dept 1970]) begins with a two-pronged test. First, the proponent must allege legally sufficient facts to establish a prima facie cause of action or defense in the proposed amended pleading. If the facts alleged are incongruent with the legal theory relied on by the proponent the proposed amendment must fail as a matter of law. *(Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514 [1st Dept 1982]; *Sharapata v Town of Islip,* 82 AD2d 350, 362 [2d Dept 1981], *affd* 56 NY2d 332 [1981].) The next step is for the nisi prius court to test the pleading's merit. The merit of a proposed amended pleading must be sustained, however, unless the alleged insufficiency or lack of merit is clear and free from doubt *(East Asiatic Co. v Corash, supra).* The party opposing the motion to amend, therefore, must overcome a presumption of validity in favor of the moving party, and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient. *(Brennan v City of New York,* 99 AD2d 445, 446 [1st Dept 1984].)* This does not mean, however, that those facts need to be proven at this stage. *(See, Hawkins v Genesee Place Corp., supra,* at 434; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:11, at 482.)

In this case, the plaintiffs' proposed twelfth cause of action states a legally sufficient claim under Executive Law § 296 (1) (a). Specifically, plaintiff Rebecca Daniels alleges that she is a member of a protected class (women) and that "defendant discharged plaintiff Rebecca Daniels from her employment and discriminated against her during her employment because of her gender." On the next level of inquiry, plaintiffs submitted an affidavit in support of their motion. An exhibit to the affidavit contained excerpted deposition testimony of W. Lee Clark, the president of the defendant corporation presently

and at the time of Rebecca Daniels' discharge. This testimony corroborates allegations made by the plaintiffs in their proposed amended complaint. We note that the defendant opposed the plaintiffs' motion with an affidavit of counsel and an affidavit of Mr. Clark, which attempted to discredit Mr. Clark's prior deposition testimony. Thus, while the defendant chose to oppose plaintiffs' motion by contradicting factual allegations with its own affidavits, nevertheless, the motion court should have foreborne ruling on an issue of fact that is better left to be decided on a motion for summary judgment or, ultimately, at trial. (*Hawkins v Genesee Place Corp., supra,* at 435; *Kober v Kober,* 16 NY2d 191, 198 [1965].)

The policy of this court has always been consistent with the rule that, in the absence of prejudice or unfair surprise, requests for leave to amend should be granted freely. (*Mallory Factor v Schwartz,* 146 AD2d 465 [1st Dept 1989].) For all of these reasons, we find that the court below improperly denied plaintiffs' motion to amend. Concur—Murphy, P. J., Milonas, Kassal, Rosenberger and Smith, JJ.