OPINION OF THE COURT
Lewis R. Friedman, J.
Plaintiff moves to consolidate two actions: an action for medical malpractice and an action for wrongful death and medical malpractice brought after the death of the plaintiff in the first action. Plaintiff alleges that both actions have identical parties, involve common questions of law and fact, and arise out of the same continuous course of medical treatment of decedent from June 4, 1987 until his death on November 12, 1989.
Defendant seeks dismissal contending that the second action was improperly brought while the first action was pending. Clearly the first action does not require dismissal of the second. CPLR 3211 (a) (4), although in a rule involving dismissal of actions, provides "the court need not dismiss upon this ground but may make such order as justice requires”. The well-established rule is that the court should order consolidation (Siegel, NY Prac § 262).
Defendant opposes consolidation arguing that plaintiff should, instead, have sought to amend the complaint in the first action to add a cause of action for wrongful death. Defendant contends that the papers are defective to support that procedural course and plaintiff should not be allowed to do indirectly what she cannot do directly.
The oft repeated rule is that amendment of pleadings should be freely granted, absent prejudice to the opposing party (CPLR 3025 [b]; McCaskey Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755, 757; Fahey v County of Ontario, 44 NY2d 934, 935). Defendant, however, relies on a line of cases, primarily decided by the Second Department, holding that on a motion to add a cause of action for wrongful *748 death, the plaintiff must show a "causal connection between the alleged malpractice and the death of the original plaintiff” (e.g., Wood v Southside Hosp., 45 AD2d 1052; Ortiz v Bono, 101 AD2d 812). The novel questions presented by this case are whether the causal connection rule is still valid and whether plaintiff can avoid the causal connection requirement by starting a separate wrongful death action and then consolidating the two cases.
Analysis logically begins with the rule requiring proof of causal connection. A review of the cases shows that none of them discusses the reason for the rule. The seminal case is apparently Bedarf v Rosenbaum (286 App Div 1103). The Second Department merely stated that "[i]n our opinion some competent showing that the proposed cause of action has merit should have been made.” (Supra, at 1103.) The court did not explain its rationale or indicate the degree of proof required. The First Department followed the rule (McCarthy v Downes, 17 AD2d 919 ["mere conjecture by the administratrix, absent any medical proof * * * is not the competent proof required”]). McCarthy also cited a contemporaneous case, Augenbraun v G & B Distribs. (17 AD2d 785). But Augenbraun had not decided the issue at all. It merely held that where the trial court had precluded the addition of a cause of action, the plaintiff could not, without appeal or reargument, avoid the ruling by starting a new action and consolidating the two cases. Subsequent decisions have provided no more analysis of the rule; they merely cite McCarthy, Augenbraun or the later cases themselves (see, e.g., Rubin v Grossman, 34 AD2d 680; Robbins v Healy, 35 AD2d 850; Wood v Southside Hosp., supra; Ortiz v Bono, supra). Indeed, over the years a physician’s affidavit has become the only acceptable proof of causal connection (Vastola v Maer, 48 AD2d 561, 567, affd on opn below 39 NY2d 1019; Smith v Hellman, 57 AD2d 566; Hollister v Mohawk Val. Gen. Hosp., 43 AD2d 802; Fiorentino v Cobble Hill Nursing Home, 101 AD2d 825).
The New York rule for the amendment of pleadings to assert an additional cause of action has gone through many changes. Thus under the Civil Practice Act for a time there was "a liberal policy in permitting amendments” (Bendan Holding Corp. v Rodner, 245 App Div 723). CPLR 3025 (b) specifically provides that "[l]eave shall be freely given”. The revisors explained that that "sentence of the proposed rule more explicitly states the policy of liberality” of amendments. "The proposed rules are intended to grant the widest possible *749 discretion to the court in granting leave to serve supplemental pleadings” (First Prelim Rep of Advisory Comm on Practice & Procedure, 1957 NY Legis Doc No. 6 [b], at 78). The language of the CPLR with its articulated "liberal” standard for amendment made cases based on a pre-CPLR case, Bedarf (supra), anomalies, which only imposed a special burden on the pleader who asserts a cause of action for wrongful death. In the absence of any analysis of the reasoning of the cases, the policy for their decision, or, indeed, the effect of the CPLR a court could well determine that the rule should not be followed.
However, there is a line of "modern” authority establishing general standards for a motion to amend a complaint to assert a new cause of action. In East Asiatic Co. v Corash (34 AD2d 432, 434) the court first articulated the rule that the lack of "time or judicial manpower” requires a closer scrutiny of a proposed pleading. "[T]he favored practice has now become that * * * courts should resolve the question of merit to obviate further time-consuming litigation” (Crimmins Constr. Co. v City of New York, 138 AD2d 138, 141-142; Brennan v City of New York, 99 AD2d 445, 446). However, there are also recent formulations of the rule holding that an amended pleading "must be sustained unless the alleged insufficiency or lack of merit is clear and free from doubt (see, Goldstein v Brogan Cadillac Oldsmobile Corp., 90 AD2d 512, 514)” (Hawkins v Genesee Place Corp., 139 AD2d 433, 434).
In Daniels v Empire-Orr, Inc. (151 AD2d 370, 371) the First Department attempted to harmonize the series of apparently inconsistent cases by announcing a two-pronged test. First, as required by Goldstein v Brogan Cadillac Oldsmobile Corp. (90 AD2d 512, supra) and Sharapata v Town of Islip (82 AD2d 350, 362, affd 56 NY2d 332) the pleader must allege legally sufficient facts to make out a prima facie cause of action. Second, the court must evaluate the merit of the pleading. Unless the "lack of merit is clear and free from doubt” the pleading must be sustained. The opposing party "must overcome a presumption of validity * * * and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient. (Brennan v City of New York, 99 AD2d 445, 446 [1st Dept 1984].)” (Daniels v Empire-Orr, Inc., supra, at 371.)
This court finds that the new two-pronged test for permitting any amendment to add a cause of action implicitly overrules the cases applicable solely to additions of wrongful *750 death claims. Since there never was any reason to treat wrongful death causes of action differently in the first place, there is surely no reason now.
The proposed pleading here is sufficient to meet the two-pronged test for amendment. The wrongful death cause of action is properly pleaded to make out a prima facie cause of action and is supported by sufficient proof. The papers submitted by the defendant do not even attempt to show a lack of merit.
The court notes that Daniels v Empire-Orr, Inc. (supra) also clearly overruled the older cases as to the degree of proof required to be submitted by the movant on a motion to amend. The language in McCarthy v Downes (supra) and its progeny (e.g., Vastola v Maer, supra; Florentino v Cobble Hill Nursing Home, supra) seemed to require medical affidavits to support the amendment. However, the First Department has now articulated a far lower standard of proof on a motion to amend. It is "demonstrably different” from the quantum of proof required on a motion to dismiss or for summary judgment. "This does not mean, however, that those facts need to be proven at this stage” (Daniels v Empire-Orr, Inc., supra, at 371; Hawkins v Genesse Place Corp., supra, at 434). The appellate court unmistakably held that competent admissible proof is not required at this time. Thus, the death certificate and the cause of death contained in it are adequate (cf., Rosenberg v New York Univ. Hosp., 128 Misc 2d 90, 92-93).
The result is not any different because the case is governed by CPLR 3012-a. Plaintiff provided a certificate of merit with the original medical malpractice complaint and, indeed, submitted an additional one in the second case based on the same facts.
The line of cases, not cited by either side, which had refused to permit consolidation of tort and wrongful death actions is inapplicable here. Augenbraun v G & B Distribs. (supra) only precluded consolidation motions made to avoid an adverse ruling precluding amendment from which no appeal was taken. Later cases such as Rubin v Grossman (supra), incorrectly cited Augenbraun as the only authority for prohibiting consolidations. Yet, the result of those cases was correct *751 insofar as it was based on the Bedarf v Rosenbaum line of cases. As shown above, that line has been overruled. Augenbraun should be restricted to similar situations of direct avoidance of unfavorable rulings.
Consolidation will be allowed here.