■ PETER F. BONOFF, Individually and as a Shareholder and on Behalf of GENERAL LINEN SUPPLY & LAUNDRY CO., INC., and

Others, Appellant, v WILLIAM B. TROY et al., Respondents.—
Order, Supreme Court, New York County (Carmen Beau-
champ Ciparick, J.), entered on or about March 12, 1991,
which denied plaintiff's motion pursuant to CPLR 3025 (b) for
leave to file an amended complaint asserting a cause of action
for rescission of shareholder agreements, is unanimously mod-
ified, on the law, to grant plaintiff leave to renew upon
submission of pleadings that include, as party defendants, all
signatories to the subject shareholder agreements, and other-
wise affirmed, without costs.

This is a shareholder's derivative action, which alleges, *inter
alia,* that the defendant directors breached fiduciary duties,
diverted corporate opportunities, and violated shareholder
agreements. At issue on appeal is whether plaintiff's motion
for leave to amend the complaint to assert a ninth cause of
action was properly denied. The proposed cause of action seeks
rescission of defendant William B. Troy's contractual right,
under the 1975 Shareholder Agreements, to control the man-
agement of defendant General Linen Supply & Laundry Co.,
Inc. and affiliated defendants referred to as "the Peripherals",
Cascade Linen Supply Corp. of N.J., The Household Linen
Supply Company, and Suburban Cascade Linen Supply Co.,
Inc.

We have examined this record, and conclude that the pro-
posed ninth cause of action establishes a prima facie claim for
rescission of the 1975 Shareholder Agreements. The IAS Court
properly held that, absent an express commitment by the
directors, there is no obligation to "enhance" or "maximize"
shareholder value *(see, In re Union Carbide Corp. Consumer
Prods. Bus. Sec. Litig.,* 666 F Supp 547, 553 [SD NY 1987]).
However, plaintiff's inartful drafting should not, on this mo-
tion for summary judgment, have been dispositive of the
motion to amend *(see, Hawkins v Genesee Place Corp.,* 139
AD2d 433, 434). CPLR 3025 (b) provides that leave to amend a
complaint shall be freely given *(Edenwald Contr. Co. v City of
New York,* 60 NY2d 957) and, although the practice of allow-
ing an amended pleading that clearly lacks merit is wasteful
of judiciary resources *(see, Wieder v Skala,* 168 AD2d 355),
where the merits are not fully tested, "the better practice is to
allow amendment, with leave to a party so desiring to raise
the substantive issue at a later date" *(Vastola v Maer,* 48
AD2d 561, 567-568, *affd* 39 NY2d 1019).

Here, the proposed amendment is not, in fact, dependent
upon an alleged duty to enhance shareholder value but,
rather, asserts that the defendants collectively referred to as

the "Troy group" repeatedly and materially breached essential and continuing obligations under the 1975 Shareholder Agreements by subordinating the best interests of the corporations to their own. Among the claims stated were that the Troy group diverted a valuable corporate opportunity; refused to permit valuation of the corporations by the minority directors or their experts; and voted down a resolution designed to permit the investigation and reporting to all shareholders of matters concerning the corporations.

We are in agreement with defendants-respondents, however, that plaintiff's failure to join all of the signatories to the 1975 Shareholder Agreements as necessary parties to the action precludes partial rescission (see, Tudor v Riposanu, 93 AD2d 718). While the proposed amendment could properly be denied on that ground, the circumstances presented render it appropriate to permit plaintiff leave to renew upon pleadings that include all necessary parties (Tanjong Shipping v Berke, 115 AD2d 401, 403; CPLR 1003). Concur—Ellerin, J. P., Wallach, Ross, Kassal and Rubin, JJ.