■ PJETER TUSHAJ et al., Respondents, v ELM MANAGEMENT ASSOCIATION, INC., Appellant and Third-Party Plaintiff-Appellant. CORLEAR GARDEN HOUSING CO., INC., Third-Party Defendant-Respondent. [604 NYS2d 52] —Order of the Supreme Court, Bronx County (Alan J. Saks, J.), dated July 10, 1992, which, *inter alia,* denied the motion by defendant Elm Management Association, Inc., to amend its answer pursuant to CPLR 3025 (b) to include an affirmative defense of workers' compensation and for summary judgment on such affirmative defense, is modified, on the law, to grant defendant's motion solely to the extent of allowing defendant leave to amend its answer to assert said defense, and otherwise affirmed, without costs or disbursements.

In support of its motion, defendant Elm submitted deposition testimony of plaintiff, which indicated that although hired by the owner of the coop building, third-party defendant Corlear Garden Housing Co., Inc., Elm and its predecessor management company were in charge of him and the managing agent was his "boss". He was supervised by an individual manager from Elm whom he generally saw daily. The manager worked out his schedule, furnished his work instructions and gave him his paycheck. There was also testimony from a current Elm manager (not the one present when plaintiff was injured) that Elm hired and fired the maintenance personnel for the buildings it supervised although the Board of Directors had the final authority. Also plaintiff's paychecks were drawn and signed by Elm from an account it maintained for the buildings it managed, even though the checks indicated they came from Corlear.

These elements of control established by defendant in support of its motion, while not conclusive, were sufficient to raise an issue of fact as to whether plaintiff was a general employee of Corlear and a "special employee" of defendant Elm *(see, Thompson v Grumman Aerospace Corp.,* 78 NY2d 553). Since defendant alleged legally sufficient facts establishing a prima facie defense and plaintiff did not demonstrate an "insuffi-

ciency or lack of merit" of the proposed defense which was "clear and free from doubt", the nisi prius court should have granted defendant leave to amend its pleadings to include such defense *(Daniels v Empire-Orr, Inc.,* 151 AD2d 370, 371; *see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959).* Requests for leave to amend should be granted freely in the absence of prejudice or unfair surprise *(Daniels v Empire-Orr, Inc., supra,* at 372), and here the motion to amend the answer was made within a reasonable time after the examinations before trial were concluded. Concur—Rosenberger, J. P., Wallach, Asch and Rubin, JJ.