■ BLERU REALTY CORP., Respondent, v 158 EAST 23RD STREET REST. CORP., Defendant, and ARNOLD A. STEVENS et al., Appellants. [607 NYS2d 19] —Order, Supreme Court, New York County (Carol E. Huff, J.), entered June 18, 1993, granting plaintiff leave to amend the complaint to add claims against defendant and against several additional proposed defendants, unanimously modified, on the law, the facts and in the exercise of discretion, to the extent of denying leave to add the eleventh cause of action for violation of Debtor and Creditor Law § 273 and denying leave to add the eighth cause of action for intentional damage to property at plaintiff's premises as to defendant Arnold A. Stevens, and otherwise affirmed, without costs.

Plaintiff failed to allege sufficient facts (see, Daniels v Empire-Orr, Inc., 151 AD2d 370, 371) to sustain the claim under Debtor and Creditor Law § 273 that the January 1991 security interest conveyance rendered defendant insolvent and was not for fair consideration. Plaintiff refers to a letter written by defendant's accountant noting defendant's "current financial hardship" as of September 1991 and purported inability to pay certain bills owed to plaintiff. However, any hardship existing at that time does not tend to demonstrate insolvency 8 months earlier. Moreover, plaintiff does not allege any facts to controvert the contention of proposed defendant Stevens that the conveyance of the interest in the furniture and fixtures was fair consideration for the balance due to proposed defendant Mill Creek, Inc. in January 1991.

The trial court properly granted leave to add claims alleging violation of Debtor and Creditor Law §§ 276 and 278 since

plaintiff has alleged a prima facie case that defendant and the proposed defendants engaged in fraud. The president of defendant corporation acknowledged that he had opened a separate bank account to pay other creditors with corporate funds specifically to avoid having the funds tied up in the dispute with plaintiff. Moreover, as the trial court noted, "[defendant's president] testi[fied] that he told Mill Creek he was not going to get a new lease, shortly thereafter Mill Creek filed its financing statement, then defendant signed the Civil Court Stipulation of Settlement and then Mill Creek foreclosed right before defendant agreed to vacate under that stipulation * * * [all of which] demonstrates that there may be some merit to plaintiff's [fraud] claim".

Finally, since there is no evidence in the record indicating that proposed defendant Stevens was present when the assets were removed from plaintiff's premises, he should not have been named in the cause of action alleging intentional damaging of property at those premises. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Tom, JJ.