■ PHYLLIS SPECTOR, Respondent, v HEBREW HOSPITAL HOME, INC., et al., Appellants. [646 NYS2d 37] —In an action, *inter alia,* to recover damages pursuant to Executive Law § 296 for unlawful employment discrimination on the basis of sex, the defendants appeal from an order of the Supreme Court, Queens County (Goldstein, J.), dated March 17, 1995, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that she was unlawfully discharged from her position as an administrative assistant to the defendant Isaac Cohen, the Director of Finance for the defendant Hebrew Hospital Home (hereinafter the Hospital), on the basis of her sex. The plaintiff seeks to recover lost earnings and reinstatement to her former position pursuant to Executive Law § 296. The Supreme Court denied the defendants' motion to dismiss the complaint for failure to state a cause of action *(see,* CPLR 3211 [a] [7]). We now affirm.

Prior to commencing work for Cohen in 1992, the plaintiff had worked for the Hospital for 11 years. During this 11-year period, her performance evaluations indicated exemplary work. However, this changed during her seven-month tenure with Cohen, who expressed dissatisfaction with almost every aspect of the plaintiff's work and eventually fired her, citing poor job performance. The plaintiff alleges that she was actually fired from her position because she refused to perform certain menial tasks, such as bringing Cohen coffee, tea, and oranges in the morning, which were not part of her job description. The plaintiff further alleges that her successor, also a female, was fired for refusing to do the same tasks. Accepting these allegations as true *(see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307; *Leon v Martinez,* 84 NY2d 83), we find that the allegations in the complaint were sufficient to withstand the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) *(see, Daniels v Empire-Orr, Inc.,* 151 AD2d 370). Miller, J. P., Ritter, Santucci and Altman, JJ., concur.