SSC NY Corp. v Computershare Inc. (2024 NY Slip Op 00991)

SSC NY Corp. v Computershare Inc.

2024 NY Slip Op 00991

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 650979/22 Appeal No. 1758-1759 Case No. 2023-03246, 2023-03310 

[*1]SSC NY Corp., Plaintiff-Appellant,
v
Computershare Inc., et al., Defendants-Respondents, Renata Ristova-Gilo, et al., Defendants.

Amini LLC, New York (Bijan Amini of counsel), for appellant.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo PC, New York (Kaitlin R.Walsh of counsel), for Computershare Inc., respondent.
Rakower Law PLLC, New York (Michael C. Rakower of counsel), for Davidi Gilo, respondent.

Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered April 25, 2023, in favor of defendants Computershare Inc. and Davidi Gilo, Renata Ristova-Gilo, and Gilo Ventures LLC (Gilo defendants) and against plaintiff SSC NY Corp., pursuant to an order, same court and Justice, entered on or about March 28, 2023, which, insofar as appealed from as limited by the briefs, granted Computershare's motion to dismiss and Gilo defendants' motions to dismiss as to Davidi Gilo, for failure to state a claim for actual fraudulent conveyances pursuant to Debtor and Creditor Law § 276, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this fraudulent conveyance action plaintiff seeks to collect a judgment against the now-defunct company Inveshare. As relevant to this appeal, plaintiff alleges that pursuant to Debtor and Creditor Law § 276, nonparty Inveshare's stock redemption payments to defendant Computershare were made with actual intent to defraud creditors. It also alleges that Inveshare's payments to Gilo and Ristova-Gilo' joint bank account was fraudulent as well as subsequent transfers from nonparty Ventures II to Gilo defendants and Ventures LLC.
The burden of proof to establish actual fraud under Debtor and Creditor Law § 276 is upon the "creditor who seeks to have the conveyance set aside, . . . and the standard for such proof is clear and convincing evidence" (Marine Midland Bank v Murkoff, 120 AD2d 122, 126 [2d Dept 1986], appeal dismissed 69 NY2d 875 [1987]). Section 276 of the Debtor and Creditor Law, addressing an actual fraudulent conveyance, applies to any "conveyance made . . . with actual intent . . . to hinder, delay, or defraud either present or future creditors" (Marine Midland Bank at 126). Debtor and Creditor Law § 276 addresses actual fraud, as opposed to constructive fraud, and unlike Debtor and Creditor Law § 275, does not require proof of unfair consideration or insolvency (Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). Recognizing the "difficulty of proving actual intent to hinder, delay, or defraud creditors," courts have allowed the pleader to rely on "badges of fraud" to support the case, i.e., "circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent" (id.). Such badges include "a close relationship between the parties to the alleged fraudulent transaction; a questionable transfer not in the usual course of business; inadequacy of the consideration; the transferor's knowledge of the creditor's claim and the inability to pay it; and retention of control of the property by the transferor after the conveyance" (id.).
Here, plaintiff, formerly known as Sunrise Securities Corp., failed to allege—much less plead with the requisite particularity— how Inveshare (where Gilo was the chief executive officer and director) could have made the Computershare [*2]transfer (five payments to Compushare totaling $33.1 million) with the requisite intent to frustrate it's collection efforts when it had not received a judgment at the time of the Computershare transfer, and had not pursued its claim following Inveshare' s denial of payment for over three years (see Carlyle, LLC v Quik Park 1633 Garage LLC, 160 AD3d 476, 477 [1st Dept 2018]). The fact that Inveshare ultimately wound down its operations years after the Computershare transfer amounts to an allegation of insolvency by hindsight that was insufficient to support plaintiff's claim as a matter of law (cf. Bleru Realty Corp. v. 158 E. 23rd St. Rest. Corp., 200 AD2d 547, 547 [1st Dept 1994]).
Equally unavailing are plaintiff's claims against Gilo and the payments made by Inveshare while under his control, as the allegations provide no detail, and, if based solely on information and belief, were also insufficient to state a claim for actual fraudulent conveyance (RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477, 478 [1st Dept 2015]). Even if any of these payments were not made in the ordinary course of business, this does not necessarily make the transfer "questionable," nor does it show fraudulent intent (In re Actrade Fin. Techs. Ltd., 337 BR 791, 810 [SD NY 2005]). Further, the "fact of an insider payment shows only an intent to pay that insider and does not by itself establish an intent to hinder, delay, or defraud some other creditor" (In re Northstar Dev. Corp., 465 BR 6, 12 [WD NY 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024