■ B.P. VANCE REAL ESTATE, INC., Appellant, v DAVID TAMIR et al., Respondents. [839 NYS2d 494]—

---

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 14, 2006, which, in an action by a prospective purchaser's real estate broker against the prospective sellers to recover a cobroker's commission, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff relies on the well-settled common-law rule that a broker who "produces a person ready and willing to enter into a contract upon his employer's terms . . . has earned his commissions," even if no contract is ever signed (*Tanenbaum v Boehm*, 202 NY 293, 299 [1911]). However, "parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement, including a condition that the contract of sale actually be consummated before the broker is deemed to have earned his commission" (*Levy v Lacey*, 22 NY2d 271, 274 [1968]). Inasmuch as plaintiff obtained the listing in question as a signatory to the Universal Co-Brokerage Agreement of the Real Estate Board of New York (REBNY), any common-law right plaintiff might otherwise have had to claim commissions was limited by any terms of that agreement defining the brokers' entitlement to commissions. The REBNY agreement specifically provided that the REBNY broker's commissions would only be earned upon execution of a contract of sale, the passage of title, and the listing broker's receipt of its commission.

Under these circumstances, plaintiff cannot prevail on its claim based upon a theory of implied contract, the terms of which would contravene the limitations contained in the REBNY brokers' agreement. Concur—Andrias, J.P., Saxe, Marlow and Williams, JJ.