■ BASE VILLAGE OWNER LLC, Appellant-Respondent, v HYPO REAL ESTATE CAPITAL CORPORATION et al., Respondents-Appellants. [938 NYS2d 541]—

The limitation of remedies provision in the parties' loan agreement was properly construed as clearly, explicitly and unambiguously barring plaintiff's claim for damages based on allegations that defendants' agent unreasonably withheld or delayed approval of the documentation upon which defendants' obligation to extend the loan was conditioned (*see e.g. L.K. Sta. Group, LLC v Quantek Media, LLC*, 62 AD3d 487, 493 [2009]). In light of defendants' alleged economic self-interest, the provision was not rendered ineffective by allegations of misconduct that "smack" of intentional wrongdoing or willful, malicious or bad faith conduct (*see Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 84 NY2d 430, 438-439 [1994]; *see also e.g. Diplomat Props., L.P. v Komar Five Assoc., LLC*, 72 AD3d 596, 597-598 [2010], *lv denied* 15 NY3d 706 [2010]). However, the claim for declaratory judgment relief based on defendants' alleged defaults should have been dismissed based upon the provision stating that plaintiff's obligation to make payment on its loan debt was independent of defendants' performance of their obligations (*see Rosenthal Paper Co. v National Folding Box & Paper Co.*, 226 NY 313, 319-320 [1919]). Because we need not reach the merits of the declaratory judgment claim (i.e., whether the defendants were in default), dismissal of the claim, rather than a declara-

tion in favor of defendants, is appropriate (*see Maurizzio v Lumbermens Mut. Cas. Co.*, 73 NY2d 951, 954 [1989]; *Matter of Powell v Town of Coeymans*, 238 AD2d 788, 789 [1997]). As to the claim for injunctive relief as the parties stated at oral argument, it is moot since foreclosure has taken place.

We have considered the parties' other contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, DeGrasse and Román, JJ.