■ MICHAEL A. SERAO, Appellant, v JONATHAN BENCH-SERAO, Respondent. [53 NYS3d 628]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about July 28, 2016, which, insofar as appealed from as limited by the briefs, granted defendant's motion to vacate the divorce judgment solely to the extent necessary to resolve issues of equitable distribution, and denied plaintiff's cross motion to dismiss defendant's forgery claim, unanimously affirmed, without costs.

Defendant established prima facie that the judgment of divorce must be vacated because it is devoid of any provision addressing the equitable distribution of the parties' marital assets or debts (*see* Domestic Relations Law § 236 [B] [5] [a]; *Wong v Wong*, 300 AD2d 473 [2d Dept 2002]). In opposition, plaintiff argued that the parties had voluntarily agreed to distribute all assets and debts, but he failed to present a written agreement to opt out of the equitable distribution provisions sufficient to satisfy the formal requirements of Domestic Relations Law § 236 (B) (3) (*see* Domestic Relations Law § 236 [B] [5] [a]; *see also* CPLR 2104; General Obligations Law § 5-703). Accordingly, the judgment was correctly vacated to the extent necessary to determine equitable distribution (*see Conti v Conti*, 199 AD2d 985 [4th Dept 1993]).

Plaintiff's cross motion to dismiss defendant's forgery claims was correctly denied under CPLR 3211 (a) (7) or CPLR 3211 (a) (1). Defendant alleges that plaintiff fraudulently forged his name on two loan documents, without his knowledge or consent, and that he only learned of the loans nearly two years later, when he was contacted by debt collectors. These allegations are sufficiently specific to state a claim (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 382 [1st Dept 2006]). Plaintiff's motion relied on affidavits disputing defendant's allegations. However, factual affidavits do not constitute documentary evidence within the meaning of the statute (*Art & Fashion Group Corp. v Cyclops Prod., Inc.*, 120 AD3d 436, 438 [1st Dept 2014]). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.