Drimer v Zionist Org. of Am. (2021 NY Slip Op 03372)





Drimer v Zionist Org. of Am.


2021 NY Slip Op 03372


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 652618/18 Appeal No. 13951N Case No. 2020-04229 

[*1]David Drimer, Plaintiff-Appellant,
v
Zionist Organization of America et al., Defendants-Respondents, "John Doe 1 through 20" et al., Defendants.


GordonLaw LLP, Katonah (Michael R. Gordon of counsel), for appellant.
Littler Mendelson, P.C., New York (Joseph E. Field of counsel), for Zionist Organization of America and Morton Klein, respondents.
Obermayer Rebmann Maxwell & Hippel LLP, New York (Dove A.E. Burns of counsel), for Michael Goldblatt, respondent.
Winget, Spadafora & Schwartzberg, LLP, New York (Robyn Silvermintz of counsel), for Henry Schwartz, respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 26, 2020, which to the extent appealed from as limited by the briefs, denied plaintiff's motion to amend the complaint to add certain tort claims, unanimously affirmed, without costs.
The motion court providently denied plaintiff's motion for leave to amend his complaint asserting unlawful employment retaliation in violation of Not-For-Profit Corporation Law (N-PCL) § 715-b to add causes of action for intentional infliction of emotional distress, assault, and negligent supervision and training by defendants Goldblatt and Schwartz, as the new allegations were palpably devoid of merit (see Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015]). To state a claim for intentional infliction of emotional distress a party must allege "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (Scollar v City of New York, 160 AD3d 140, 145-146 [1st Dept 2018]). "Whether or not the requisite outrageousness of the conduct has been satisfied by the allegations is, in the first instance, an issue of law for judicial determination" (164 Mulberry St. Corp. v Columbia Univ., 4 AD3d 49, 56 [1st Dept 2004]). Here, although plaintiff alleges in a conclusory fashion that defendants engaged in a pattern of harassment that caused him to suffer from anxiety and stress that eventually led to a serious cardiac event, the allegations of abusive conduct directed at plaintiff in the context of his employment do not rise to the level of outrageousness required to state a claim (id.; see generally Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]).
Similarly, the proposed amendment does not allege facts establishing that plaintiff had an "imminent apprehension of harmful or offensive contact" to support a claim for assault (Hayes v Schultz, 150 AD2d 522, 523 [2d Dept 1989] [internal quotation marks and citations omitted]). Finally, the new claim for standard negligence in the proposed amended complaint fails to allege with the requisite specificity that the defendant board members acted with gross negligence in the training and supervision of defendant Morton Klein, nor did plaintiff proffer any specific allegations that the defendant board members acted intentionally (see Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 112 [1st Dept 2009]). Therefore, the negligence claim is barred by the qualified immunity conferred upon uncompensated board members under N-PCL 720-a. This determination is not inconsistent with the motion court's determination, in the context of a prior motion to dismiss the retaliation claim, that the alleged conduct of these board members in connection with the alleged unlawful retaliation against plaintiff after he made a whistleblower complaint may constitute "gross negligence" which would not [*2]be protected by qualified immunity, since that conclusion related to a different claim that was based on the specific allegations detailing the alleged unlawful retaliation.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021