DeLibero v Duloc (2021 NY Slip Op 06571)





DeLibero v Duloc


2021 NY Slip Op 06571


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 156196/13 Appeal No. 14681 Case No. 2020-03024 

[*1]Grace DeLibero, Plaintiff-Appellant,
v
Michael Duloc et al., Defendants, Core Group NYC, Corp., et al., Defendants-Respondents.


Grace Delibero, appellant pro se.
Seyfarth & Shaw LLP, New York (Jonathan P. Wolfert of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Debra A. James, J.), entered September 27, 2019, which granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's motion for summary judgment for commission due and cross motion for leave to amend the complaint, deemed an appeal from judgment, same court and Justice, entered October 21, 2019, dismissing the complaint, and so considered, said judgment, unanimously affirmed, without costs.
A claim of tortious interference with contract requires the establishment of four elements: "(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages" (C.H.A. Design Export (H.K.) Ltd. v Miller, 191 AD3d 459, 459 [1st Dept 2021]). The Core defendants established that there was no valid contract between plaintiff broker and the Dulocs, owners-sellers of property on East 60th Street, at the time of the alleged breach of an agreement to sell the East 60th Street property (see Willis Re Inc. v Hudson, 29 AD3d 489, 490 [1st Dept 2006]), and that the Core defendants did not even know of that agreement until well after its termination.
The record evidence therefore established there was no breach of the selling agreement pertaining to the 60th Street property (see Benjamin Goldstein Prods. v Fish, 198 AD2d 137, 138 [1st Dept 1993]), that the Core defendants did not induce a breach of the selling agreement (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282 [1978]), and accordingly, there were no damages.
Plaintiff asserted her claim for commission due pertaining to certain Fifth Avenue property against the wrong parties because the purchase agreement for that property was between the Dulocs and 141 Acquisition — not the Savanna defendants — and it was 141 Acquisition that was responsible for any commission. The Savanna defendants further established that plaintiff was a member of the Real Estate Board of New York, Inc. (REBNY) during the relevant time period and under the applicable REBNY UCB agreement was not entitled to a commission on a sale that never closed (see B.P. Vance Real Estate, Inc. v Tamir, 42 AD3d 343, 344 [1st Dept 2007] [the REBNY UCB Agreement "specifically provide[s] that the REBNY broker's commissions would only be earned upon execution of a contract of sale, the passage of title, and the listing broker's receipt of its commission"]). The failure to close would have precluded any claim for a commission, even had plaintiff sued the correct party.
In view of the foregoing, the motion for leave to amend to include a new party was correctly denied because the claim asserted was palpably devoid of merit (Drimer v Zionist Org. of Am., 194 AD3d 641 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021