| |
|---|
| **Cashabamba v De Filippo** |
| 2024 NY Slip Op 31877(U) |
| May 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156045/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                          PART                          **33M**

*Justice*

-------------------------------------------------------------------------X

ERIKA CASHABAMBA,                                              INDEX NO.              156045/2022

Plaintiff,                         MOTION DATE          12/07/2023

- v -                                                              MOTION SEQ. NO.          003

VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE
TRUST, CTI CONSTRUCTION INC.,                                   **DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------X

CTI CONSTRUCTION INC.                                                   Third-Party
Index No.  595130/2023

Third-Party Plaintiff,

-against-

RIDGE CONTRACTING CORP.

Third-Party Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 1, 16, 18, 24, 41, 42, 43, 44, 45, 46, 47, 48, 92

were read on this motion to/for                    AMEND CAPTION/PLEADINGS              .

Upon the foregoing documents, Defendant Vincent DeFilippo, Trustee of the Desert Rose Trust's ("DeFilippo") motion for an Order granting DeFilippo leave to amend his Answer to assert crossclaims for breach of contract, forgery and defense and indemnification again Defendant CTI Construction Inc. ("CTI"), and for defense and indemnification against Third-Party Defendant Ridge Contracting Corp. ("Ridge") is granted.

## I.     Background

On July 20, 2022 Plaintiff Erika Cashabamba ("Plaintiff") commenced the underlying action against Defendants CTI and DeFilippo to recover for personal injuries sustained by Plaintiff

when she fell from an elevated work surface at 163 West 76th Street, New York, New York (the "Premises") (NYSCEF Doc. 1). Plaintiff's Complaint alleges that Defendant DeFilippo owned the Premises and that Defendant CTI was acting as the General Contractor at the Premises on the date of Plaintiff's accident (NYSCEF Doc. 1). In the Bill of Particulars Plaintiff alleges that Third-party Defendant Ridge Contracting employed Plaintiff on the date of her accident (NYSCEF Doc. 47 at ¶ 12).

On October 12, 2022 Defendant DeFilippo filed an Answer denying Plaintiff's allegations (NYSCEF Doc. 16). Subsequently, on November 15, 2022 Defendant CTI filed a Verified Answer denying Plaintiff's allegations against it and asserting crossclaims against DeFilippo for contribution, common law indemnification, contractual indemnification and breach of contract for failure to procure insurance (NYSCEF Doc. 18)

On February 14, 2023 Defendant CTI impleaded Third-party Defendant Ridge asserting causes of action for contractual indemnification, common law indemnification, breach of contract for failure to procure insurance, and breach of contract for failure to indemnify (NYSCEF Doc. 24).

On December 7, 2023 Defendant DeFilippo brought the instant motion seeking to amend its Answer to assert crossclaims for breach of contract, forgery and defense and indemnification again Defendant CTI, and for defense and indemnification against Third-Party Defendant Ridge. While there is no opposition to the portion of DeFilippo's motion seeking leave to amend his Answer to assert crossclaims against Ridge, Defendant CTI opposes DeFilippo's motion to assert crossclaims against CTI on the ground that DeFilippo's proposed crossclaims are insufficient as a matter of law (NYSCEF Doc. 45).

**156045/2022 CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
Motion No. 003

Page 2 of 7

2 of 7

[* 2]

## II.    Discussion

It is well settled that leave to amend pleadings is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). Further, the First Department has held that, on a motion for leave to amend a pleading "the proponent must allege legally sufficient facts to establish a prima facie cause of action or defense in the proposed amended pleading. If the facts alleged are incongruent with the legal theory relied on by the proponent the proposed amendment must fail as a matter of law" (*Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371 [1st Dept 1989]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. V National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). However, "[t]he merit of a proposed amended pleading must be sustained…unless the alleged insufficiency or lack of merit is clear and free from doubt" (*Daniels* at 371). Therefore, the party opposing the motion to amend "must overcome a presumption of validity in favor of the moving party, and demonstrate that the facts alleged and relied upon in the moving papers are obviously not reliable or are insufficient" (*Id.*). While sufficient facts must be alleged to support the proposed amendment to the pleadings, those facts need not be proven at this stage (*Id.*).

> i.    DeFilippo's Motion for Leave to Amend his Answer to Assert Crossclaims Against Third-Party Defendant Ridge is Granted

Here, there is no opposition to the portion of DeFilippo's motion seeking to amend his Answer to assert crossclaims against Third-Party Defendant Ridge, and no party has shown how they might be prejudiced by allowing DeFilippo to Amend his Answer to include the proposed crossclaims against Ridge. Therefore, the portion of DeFilippo's motion seeking leave to amend his Answer to assert crossclaims against Third-Party Defendant Ridge is granted.

**156045/2022   CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No. 003**

**Page 3 of 7**

[* 3]

3 of 7

ii.    DeFilippo's Motion for Leave to Amend his Answer to Assert Crossclaims Against Defendant CTI is Granted

DeFilippo's motion seeks leave to Amend his Answer to include five proposed crossclaims against CTI: (1) breach of contract; (2) "forgery"; (3) common law indemnification; (4) contribution; and (5) defense and indemnification (NYSCEF Doc. 43). Defendant CTI argues in opposition that DeFilippo's motion must be denied as DeFilippo's proposed crossclaims against CTI for breach of contract, forgery and defense and indemnification are without merit as a matter of law.

a.    DeFilippo's Motion for Leave to Assert a First Crossclaim Against CTI for Breach of Contract is Granted

It is well established that "[t]o plead breach of contract, the proponent must allege the existence of a contract, the plaintiff's performance thereunder, the defendants breach thereof, and resulting damages (*Second Source Funding, LLC v Yellowstone Capital, LLC*, 144 AD3d 445, 445-446 [1st Dept 2016]). Further, an intended beneficiary of a contract may maintain a breach of contract action as a third party (*Alicea v New York*, 145 AD2d 315, 317 [1st Dept 1988]).

CTI argues that DeFilippo's motion must be denied because DeFilippo fails to attach any of the contracts referenced in the proposed crossclaims and fails to state how CTI breached any contracts (NYSCEF Doc. 45 at ¶ 30). However, on a motion for leave to amend a pleading the movant is "not required to support its allegations with evidence or an affidavit of merit" (*St. Nicholas W 126 L.P. v Republic Inv. Co., LLC*, 193 AD3d 488, 488-489 [1st Dept 2021]).

Here, DeFilippo's proposed crossclaim alleges that CTI and Ridge were parties to a binding contract to which DeFilippo was a third-party beneficiary (the "CTI Contract") (NYSCEF Doc. 92), and that CTI's breach of this contract resulted in DeFilippo suffering damages of at least $17,248,650.50 (NYSCEF Doc. 43 at 6-7). In light of the foregoing and in consideration of the

**156045/2022   CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No. 003**

**Page 4 of 7**

4 of 7

presumption of validity in favor of the moving party, the Court finds that DeFilippo's proposed crossclaim for breach of contract against CTI is not obviously insufficient as a matter of law. As such, DeFilippo's motion for leave to amend his pleading to assert a crossclaim for breach of contract against CTI is granted.

### b. DeFilippo's Motion for Leave to Assert a Second Crossclaim Against CTI for "Forgery" is Granted

The First Department has held that a proponent of a cause of action for forgery successfully states a claim, with requisite specificity, where they allege that their signature was forged on specific documents without their knowledge (*Serao v Bench-Serao*, 149 AD3d 645, 646 [1st Dept 2017]).

Here, DeFilippo's second proposed crossclaim alleges that CTI forged his signature without his knowledge on letters dated May 24, 2022 and August 9, 2022 (NYSCEF Doc. 43 ¶¶ 20-31). Accordingly, the Court finds that DeFilippo's second proposed crossclaim against CTI for forgery is not obviously insufficient as a matter of law. In light of the foregoing, DeFilippo's motion for leave to amend his pleadings to assert a crossclaim against CTI for forgery is granted.

### c. DeFilippo's Motion for Leave to Assert a Crossclaim Against CTI for Defense and Indemnification is Granted

DeFilippo's proposed crossclaims include a fifth crossclaim against CTI and Ridge for "defense and indemnification" (NYSCEF Doc. 43 at 8). CTI argues that DeFilippo's crossclaim for defense and indemnification is meritless because CTI is not an insurer that could owe DeFilippo defense and indemnification under an insurance policy (NYSCEF Doc. 45 at ¶ 56). However, to the extent that DeFilippo's fifth proposed crossclaim is simply one for contractual indemnification, CTI asserts no opposition (NYSCEF Doc. 45 at ¶ 57).

**156045/2022   CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
Motion No. 003

**Page 5 of 7**

[* 5]

5 of 7

Here, given the lenient standard on a motion to amend an answer and the presumption of validity in favor of the moving party, the Court finds that CTI has failed to demonstrate that DeFilippo's proposed crossclaim for Defense and Indemnification is clearly without merit as a matter of law. As such, DeFilippo's motion for leave to amend its answer to assert a crossclaim against CTI for defense and indemnification is granted.

Accordingly, it is hereby,

ORDERED that Defendant Vincent DeFilippo, Trustee of the Desert Rose Trust's motion for an Order granting DeFilippo leave to amend his Answer herein is granted, and DeFilippo's proposed crossclaims in the form annexed as Exhibit A (NYSCEF Doc. 43) shall be deemed served upon service of a copy of this Decision and Order with notice of entry thereof; and it is further

ORDERED that within ten (10) days of entry, counsel for Movants shall serve a copy of this Decision and Order, with notice of entry, on all parties to this action; and it is further

ORDERED that Defendant CTI Construction Inc. and Third-Party Defendant Ridge Contracting Corp. may serve amended Answers within 20 days after service of a copy of this Decision and Order, with notice of entry; and it is further

ORDERED that on or before July 9, 2024, the parties shall submit a proposed Status Conference Order via e-mail to SFC-Part33-Clerk@nycourts.gov. If the parties are unable to agree to a proposed Status Conference Order, the parties are directed to appear for an in-person status conference on July 10, 2024 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

*[The remainder of this page is intentionally left blank]*

**156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No. 003**

**Page 6 of 7**

[* 6]

6 of 7

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 5/31/2024 | | | | *May V Rosado JSC* | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |

CHECK ONE:
- [ ] CASE DISPOSED
- [x] NON-FINAL DISPOSITION
- [x] GRANTED  [ ] DENIED
- [ ] GRANTED IN PART
- [ ] OTHER

APPLICATION:
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

CHECK IF APPROPRIATE:
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

**156045/2022 CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No. 003**

Page 7 of 7

7 of 7

[* 7]