**Tandym Group, LLC v Mission Staffing Inc.**

2024 NY Slip Op 32960(U)

August 21, 2024

Supreme Court, New York County

Docket Number: Index No. 655839/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 49M

-------------------------------------------------------------------------X

TANDYM GROUP, LLC,

                                Plaintiff,

                      - v -

MISSION STAFFING INC. and PAUL HERMAN,

                          Defendants.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655839/2023 |
| **MOTION DATE** | 03/25/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (MS001) 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25
were read on this motion to/for                      DISMISS                  .

      Plaintiff Tandym Group, LLC (Tandym) brings this action against defendants Mission Staffing Inc. (Mission) and Paul Herman (Herman, and together with Mission, defendants) asserting claims in connection with defendants' purported solicitation of employees and clients from Tandym and their purported misappropriation of Tandym's confidential information. Now before the court is defendants' motion, pursuant to CPLR 3211(a)(1) and (a)(7), for an order dismissing the Complaint (NYSCEF # 6). Tandym opposes the motion. For the following reasons, defendants' motion is granted.

### Background[1]

      Tandym is Delaware limited liability company that provides full-service recruitment, temporary staffing, and workforce solutions ((NYSCEF # 2, Complaint or compl ¶¶ 20, 43). Herman is a former employee for Tandym who held the position of Vice President, Professional Services, between 2011 to 2023 (*id.* ¶¶ 2, 21, 24). Herman was responsible for hiring employees, generating new business, and maintaining and growing business with existing clients (*see id.* ¶¶ 25-28).

      According to the Complaint, Tandym required its employees to sign certain non-solicitation, non-competition, and confidentiality agreements so as to protect the confidential information, trade secrets, and client relationships and goodwill for

---

[1] The following facts are drawn from the Complaint and the exhibits accompanying the parties' submissions in connection with defendants' motion. These facts, to the extent not refuted by documentary evidence, are assumed true solely for purposes of resolving defendants' motion.

which it had devoted substantial resources to cultivate and preserve (*see* compl ¶¶ 41-50). Tandym maintains that Herman signed these agreements while employed with the company (*see id.* ¶¶ 7, 33, 41).

Although its Complaint quotes various terms of this purported restrictive covenant agreement with Herman (*see* compl ¶¶ 34-39), Tandym did not submit with the Complaint a copy of any such agreement(s).[2] By contrast, in connection with their motion, defendants did submit a Confidentiality and Non-Solicitation Agreement, dated December 15, 2011 (the Agreement), that contains certain of the alleged non-solicitation and confidentiality provisions alleged in the Complaint (*compare* NSYCEF # 12 – Agreement §§ 1.1, 1.2, 2.2 *with* compl ¶¶ 34, 36-38), although this Agreement is between Herman and an entity called The Execu|Search Group, Inc. (Execu|Search) (*see* Agreement at 1).

As relevant here, Section 2 of the Agreement sets forth Herman's non-solicitation obligations to Execu|Search. Section 2.2 provided that Herman would not (a) "[d]isclose, use, exploit, rely upon or take any advantage of in any way whatsoever, directly or indirectly any of Execu|Search's open job orders," (b) "[d]islcose, contact, use, exploit, rely upon or take advantage of in any way whatsoever, directly or indirectly, any of Execu|Search's candidates" (c) "[i]nfluence or attempt to influence . . . a job candidate, supplier or customer . . . to terminate or modify any written or oral Agreement or course of dealing with the Firm," and (d) "[i]influence or attempt to influence . . . a supplier or customer . . . for the purpose of offering or selling any services which are identical, substantially similar or comparable to the services offered by the Firm" (Agreement § 2.2[a]-[d]; compl ¶¶ 8, 34). Section 2.3—which is not referenced in the Complaint—in turn provided that Herman would not, following his employment,

> directly or indirectly . . . influence or attempt to influence any person to (i) terminate or modify his employment with the Firm; (ii) solicit for employment, directly or indirectly, any person employed by the Firm as an employee; or (iii) employ or otherwise retain the services of, directly or indirectly, any person employed by the Firm as an employee during the time that [Herman] was employed by the Firm

(Agreement § 2.3).[3] Tandym claims that these non-solicitation restrictions were imposed on Herman for a 12-month period (*see* compl ¶¶ 8, 34-35). But the

---

[2] Tandym states that the "non-solicitation, non-complete [sic], and confidentiality agreements" were attached to the Complaint as Exhibit A and Exhibit B (*see e.g.* compl ¶¶ 33, 37). But a review of the docket and pleadings makes clear that ***no exhibits*** were actually submitted with the Complaint.
[3] Tandym alleges that Herman agreed that (1) "for a period of twelve months following his separation from employment," he would not "directly or indirectly . . . perform job activities of the type [Herman], or [Herman's] subordinates, performed or provided for Tandym within the two years preceding [Herman's] termination that are competitive with the line of services provided by [Herman] for the Tandym," and (2) this restriction applied "within twenty-five miles of the locations

**655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL
Motion No. 001**

Page 2 of 9

2 of 9

Agreement actually provides that Section 2.2's restrictions would be in place "for a period of eighteen (18) months following cessation of such employment," and that Section 2.3's restrictions would last for a period of "two (2) years following cessation of [Herman's] employment" (Agreement §§ 2.2, 2.3). The Agreement contains no geographical limitation to these restrictions (*see generally* Agreement §§ 2.1-2.5).

Section 1 of the Agreement addressed Herman's confidentiality restrictions. In particular, pursuant to Section 1.2, Herman agreed to "hold in strictest confidence, and not to disclose or allow to be disclosed . . . and not to use . . . Confidential Information, including Confidential Information developed by [Herman], without the express permission of an officer of the Firm" (Agreement § 1.2; *see also* compl ¶¶ 36-37). "Confidential Information," in turn, was defined as "any information that is not generally known to the public," with the Agreement then enumerating a list of examples (Agreement § 1.1; compl ¶ 38).

Tandym alleges that, throughout his employment, Herman gained knowledge about high-performing employees in his division at Tandym (compl ¶ 26). It further asserts that Herman became "intimately familiar" with Tandym's confidential information, including "[c]lient lists," "[p]rospective client lists," [c]urrent and historical client account information," "[f]inancial information," "Tandym's business development plans, products, strategies, revenue projections, financial planning, and accounts receivable information," the "terms of Tandym's agreements and financial arrangements," various internal materials belonging to Tandym, employee financial information, and Tandym's analyses and strategies (*id.* ¶ 30). Tandym maintains that this information was protected on a password-protected network (*id.* ¶ 31).

Eventually, on May 1, 2023, Herman resigned from his position at Tandym and became a Partner at Mission, a New York corporation that, like Tandym, provides full-service recruitment, temporary staffing, and workforce solutions (compl ¶¶ 2, 22). Then, between May 1, 2023, and September 5, 2023, five employees in Tandym's Professional Services Division—all of whom either directly or indirectly reported to Herman—resigned from their employment, without prior notice, and immediately joined Mission (*see id.* ¶¶ 3, 5, 51, 53-54). The Complaint does not indicate (a) what, if any, confidential information was misappropriated by Herman and/or Mission, (b) how, if at all, such information constituted confidential information or a trade secret, or (c) which, if any, clients were solicited by defendants (*see generally id.* ¶¶ 30, 65-68, 78-79, 92-93, 100-102, 107-110).

Tandym claims, upon information and belief, that these employees' departures were part of a raid conducted by Mission with Herman's assistance (*see* compl ¶¶ 4, 12-14, 52, 54-55). Although the Complaint does not identify any of the

---

where the employee worked for Tandym" (compl ¶¶ 9, 35). But there is no such restriction or geographical limitation in the Agreement.

**655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL**
**Motion No. 001**

Page 3 of 9

[* 3]

five employees by name, defendants submit certain emails related to three former Tandym employees that were fired by Tandym, which defendants claim undercuts Tandym's contention that the at-issue employees had resigned (NYSCEF # 13).[4]

## Legal Standard

CPLR 3211(a) provides for various grounds under which a party may move to dismiss one or more causes of action, including when a pleading "fails to state a cause of action" (CPLR 3211 [a] [7]) or "a defense is founded upon documentary evidence" (CPLR 3211 [a] [1]). On a motion to dismiss pursuant to CPLR 3211(a)(7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiff[] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]). Whether a plaintiff can ultimately establish its allegations is not considered when determining a motion to dismiss (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). However, the court will not accept as true "conclusory allegations of fact or law not supported by allegations of specific fact" (*Wilson v Tully*, 243 AD2d 229, 234 [1st Dept 1998]).

Dismissal based on documentary evidence is warranted "where 'it has been shown that a material fact as claimed by the pleader is not a fact at all and no significant dispute exists regarding it'" (*Acquista v N.Y. Life Ins. Co.*, 285 AD2d 73, 76 [1st Dept 2001] [alterations omitted]). In "those circumstances where the legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference" (*Morgenthow & Latham v Bank of N.Y. Co.*, 305 AD2d 74, 78 [1st Dept 2003] [internal quotation omitted]).

## Discussion

In moving to dismiss, defendants first focus on Tandym's breach of contract claims, arguing that Tandym failed to establish (1) that it is a party to the Agreement, (2) that the Agreement's restrictive covenants are enforceable, or (3) that any purportedly disclosed confidential information constitutes a trade secret warranting protection (*see* NYSCEF # 10 – MOL at 9-15; NYSCEF # 25 – Reply at 4-6). Defendants next argue that Tandym's breach of fiduciary duty claim fails because it is duplicative of Tandym's breach of contract claims (*see* MOL at 15-16; Reply at 7-8). Turning to Tandym's tortious interference with contract claim, defendants contend that, not only has Tandym failed to plead that there is a valid

---

[4] Defendants also submit an affidavit by Herman setting forth additional factual averments concerning his and other employees' departure from Tandym (*see* NYSCEF # 11). The court does not consider these additional facts on this motion because "factual affidavits do not constitute documentary evidence" that can be considered "within the meaning of" CPLR 3211(a)(1) (*see Serao v Bench-Serao*, 149 AD3d 645, 646 [1st Dept 2017]).

655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL
Motion No. 001

Page 4 of 9

contract, but it has also failed to allege that the Agreement would not have been breached "but for" Mission's conduct (*see* MOL at 17-18; Reply at 8). And with regard to the tortious interference with business relations claim, defendants aver that Tandym failed to establish that defendants acted with malice in engaging in any purported interference (*see* MOL at 18-20; Reply at 8-9). Finally, addressing Tandym's misappropriation of confidential information and unfair competition claims, defendants maintain that Tandym failed to allege any acts of misappropriation or identify any confidential information that was misappropriated (*see* MOL at 22-23; Reply at 9-12).

Tandym's opposition largely fails to grapple with defendants' bases for dismissal. After acknowledging that the Complaint does not cite to the correct restrictive covenant agreement, Tandym first contends that it nevertheless sufficiently alleges the relevant terms of the Agreement, that those terms are reasonable as to time and scope, and that Herman breached them (NYSCEF # 21 – Opp at 4-8). But the remainder of Tandym's opposition then argues that it has properly pleaded alternative tort cause of action because the Agreement is in dispute (*see id.* at 9-13).[5]

The court addresses these contentions in turn.

## I.    Breach of Contract Claims (First, Second, and Fifth Causes of Action)

To sufficiently plead a cause of action for breach of contract, a plaintiff must allege that (1) a contract exists, (2) plaintiff performed under the contract, (3) defendant breached its contractual obligations, and (4) defendant's breach resulted in damages (*34-06-73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). And to state a claim for tortious interference with contract, a plaintiff must allege "(1) the existence of a valid contract between plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional procuring of the breach; and (4) damages" (*C.H.A. Design Export (H.K.) Ltd. v Miller*, 191 AD3d 459, 459 [1st Dept 2021], quoting *Foster v Churchill*, 87 NY2d 744, 749-750 [1996]). As the above makes clear, for either claim, the existence of a valid contract is central.

Here, the crux of Tandym's two breach of contract claims is that Herman, upon accepting his new position at Mission, breached his restrictive covenants by (1) "soliciting, servicing or otherwise interfering with Tandym's relationships" with clients or prospective clients and (2) using or disclosing confidential information and trade secrets (compl ¶¶ 57-62, 64-69). Similarly, Tandym's tortious interference with contract claim avers that Mission caused Herman to breach his restrictive covenants by "inducing, encouraging or helping Herman [to] solicit Tandym's clients" and to misappropriate Tandym's "confidential information and trade secrets" (*id.* ¶¶ 91-96). These claims, however, are ultimately defective for one

---

[5] Tandym also spends several pages of its opposition arguing that it has sufficiently pleaded damages (Opp at 8-9). But defendants did not raise this as a basis for dismissal in their moving papers.

**655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL**
**Motion No. 001**

Page 5 of 9

5 of 9

[* 5]

particularly glaring reason: Tandym has not established the existence of a valid contract between it and Herman.

Although the Complaint avers that restrictive covenants to which Herman agreed arose from an agreement between Herman and Tandym (*see* compl ¶¶ 7-8, 33-34), the documentary evidence supplied by defendants—which Tandym does not dispute (*see* Opp at 4-5)—establishes that the Agreement is between Herman and an entity called Execu|Search, not Tandym (*see* Agreement at 1). Nothing in the Complaint suggests that that Execu|Search and Tandym are the same entity or that Tandym otherwise succeeded or retained Execu|Search's rights under the Agreement. Accordingly, as alleged, there is no basis to conclude or infer that Tandym has contractual privity with Herman under the Agreement so as to allow Tandym to sustain its breach of contract and tortious interference with contract claims (*see Perma Pave Contr. Corp. v Paerdegat Boat and Racquet Club, Inc.*, 156 AD2d 550, 551 [1st Dept 1989] [holding that a party may not assert a claim to recover damages for breach of contract against party with whom it is not in privity]; *Naderi v N. Shore-Long Is. Jewish-Health Sys.*, 2014 WL 840417, at *3 [Sup Ct, NY County, Feb. 28, 2014], *affd* 135 AD3d 619 [1st Dept 2016] [holding that plaintiff failed to adequately demonstrate any contractual relationship between parties, and thus failed to establish the existence of a valid contract]; *see also MidAmerica Prods., Inc. v Derke*, 33 Misc3d 1209[A], at *3 [Sup Ct, NY County, 2010] [dismissing breach of restrictive covenant claim when there were "[n]o allegations that [defendants] entered into noncompetitive covenants with plaintiffs"]).

In an effort to avoid this conclusion, Tandym asserts for the first time in its opposition that it was "formerly known as Execu|Search Group prior to a rebranding in June 2022" (Opp at 5 n.1). This stray assertion—which appears in a footnote—fails resuscitate Tandym's claims. As an initial matter, to the extent Tandym is seemingly attempting to amend its Complaint to rectify the defect established by defendants' documentary evidence, it is not permitted to informally amend its complaint through its opposition brief (*see MediaXposure Ltd. (Cayman) v Omnireliant Holdings, Inc.*, 29 Misc 3d 1215[A], at *5 [Sup Ct, NY County, 2010] ["plaintiff seeks to amend the complaint through an opposition brief, which is not permissible"]; *Rosenberg v Home Box Off., Inc.*, 2006 WL 5436822, at *10 [Sup Ct, NY County, 2006] [observing that a "plaintiff may not amend his complaint to add a new legal theory via statements in a memorandum of law in opposition to a pending dispositive motion"], *affd* 33 AD3d 550 [1st Dept 2006]). At any rate, Tandym's bare, unsupported assertion, without more factual support or context, fails to establish the necessary privity for it to maintain a breach of contract claim under the Agreement (*see generally McCormick v Favreau*, 82 AD3d 1537, 1541 [3d Dept 2011] [affirming dismissal of breach of contract claim where plaintiffs failed to offer any "affidavits or other evidence" in opposition to defendant's motion to dismiss in order to support a "material element" of plaintiffs' claim]).

655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL
Motion No. 001

Page 6 of 9

Even if, however, privity was established, dismissal of the Complaint, as currently pleaded, would still be warranted. Though the Complaint largely focuses on defendants' purported solicitation of five employees as part of its recitation of factual allegations, a careful review of Tandym's Agreement-based causes of action reveals that they do not actually target defendants' purported solicitation of employees. Rather, as noted above, Tandym's claims are premised solely on a purported solicitation of "clients," as well as the misappropriation of unspecified confidential information (*see* compl ¶¶ 57-62, 64-69, 91-96). As the master of its complaint, Tandym is entitled to focus on whatever conduct it so chooses in support of its claims.[6] But upon focusing on the solicitation of clients and misappropriation of confidential information, Tandym then fails to supply any critical details in support, including which, if any, clients were purportedly solicited or interfered with by defendants, or what, if any, confidential information was misappropriated. Without these critical details, Tandym's claims plainly fail to provide adequate notice of the transactions, occurrences, or series of transactions or occurrence at issue (CPLR 3013; *see Trans-Continental Credit & Collection Corp. v Foti*, 270 AD2d 250, 250 [2d Dept 2000] [dismissing tortious interference claim where plaintiff sought to recover damages for interference with the agreement of unnamed employees]).

In sum, defendants' motion to dismiss Tandym's First, Second, and Fifth Causes of Action is granted, and these are dismissed.

## II. Breach of Fiduciary Duty Claim (Third Cause of Action)

The crux of Tandym's breach of fiduciary duty claim against Herman is that Herman breached unspecified fiduciary duties to Tandym by "soliciting or diverting Tandym's clients and business opportunities" to Mission and by "subverting or misappropriating Tandym's confidential information and trade secrets" (compl ¶¶ 73-76). These allegations, however, are nearly identical to those underlying Tandym's breach of contract claims and largely seek the same damages (*cf. id.* ¶¶ 57-62, 64-69). As such, Tandym's breach of fiduciary claim are dismissed as duplicative (*Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.*, 121 AD3d 415, 416 [1st Dept 2014] [dismissing breach of fiduciary duty claim as duplicative where claim was based on the same allegations as breach of contract claim]).

## III. Tortious Interference with Business Relationships (Fourth Cause of Action)

To state a claim for tortious interference with business relations, a plaintiff must show "(1) the existence of a business relationship or its expectancy with a third-party; (2) defendant's interference with the relationship; (3) that defendant

---

[6] To be clear, Tandym certainly knew how to draft a cause of action focusing on the purported improper solicitation of employees, as its Fifth Cause of Action alleges that "Mission encouraged Herman to use Tandym's confidential information and trade secrets to unlawfully solicit Tandym's clients and employees" (compl ¶ 79).

**655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL**
**Motion No. 001**

Page 7 of 9

acted with the sole purpose of harming plaintiff or used dishonest, unfair or improper means; and (4) that plaintiff sustained damages" (*Icahn v Lions Gate Entertainment Corp.*, 31 Misc 3d 1205[A], at *12-13 [Sup Ct, NY County, 2011], citing *Carvel Corp. v Noonan*, 3 NY3d 182, 190 [2004]; *NBT Bancorp. v Fleet/Norstar Fin. Group, Inc.*, 87 NY2d 614, 620-625 [1996]; *Guard-Life Corp. v S. Parker Hardware Mfg. Corp.*, 50 NY2d 183, 190-197 [1990])). Such claims require allegations that defendants' "conduct was motivated solely by malice or to inflict injury by unlawful means going beyond mere self-interest or other economic considerations" (*Bradbury v Israel*, 204 AD3d 563, 564-565 [1st Dept 2022]).

Here, Tandym failed to sufficiently allege that defendants acted with malice or an intent to injure Tandym. As alleged, Tandym's tortious interference with business relations claims flows from the fact that Mission purportedly encouraged Herman to "use Tandym's confidential information and trade secrets" to solicit Tandym's clients and employees and obtain an unfair advantage in its competition with Tandym (compl ¶ 79). Notably missing from Complaint are *any* allegations explaining *how*, if at all, defendants acted with malice or were otherwise motivated by unlawful means. Nor are there any allegations that would support a reasonable inference of such malice or use of unlawful means. Instead, Tandym merely alleges in conclusory fashion that Herman acted "with malice, or in knowing disregard or indifference to the rights and interests of Tandym" (*id.* ¶¶ 80-84). In the absence of any non-conclusory allegations supporting this material element, Tandym's tortious interference with business relations claim fails to state a plausible claim for relief.

Defendants' motion to dismiss the Fourth Cause of Action is granted and the claim is dismissed.

IV.    Unfair Competition and Misappropriation of Confidential Information (Sixth and Seventh Causes of Action)

In New York, to establish a claim for unfair competition, "a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself" (*McKinnon Doxsee Agency, Inc. v Gallina*, 187 AD3d 733, 737 [2d Dept 2020]; *accord Mitzvah Inc. v Power*, 106 AD3d 485, 487 [1st Dept 2013] ["The evidence also raises factual issues to support the cause of action alleging that defendants engaged in unfair competition by misappropriating client information plaintiff had negotiated to purchase from Pisa Brothers, and using it to defendants' commercial advantage"]). Similarly, to establish a claim for misappropriation of trade secrets or confidential information, a plaintiff must allege "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means" (*Schroeder v Pinterest Inc.*, 133 AD3d 12, 27 [1st Dept 2015]).

Here, Tandym's claims for unfair competition and misappropriation of confidential information are both premised on the purported "pirating," "misuse,"

**655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL**
**Motion No. 001**

Page 8 of 9

"misappropriation," and/or "disclosure" of Tandym's confidential information (*see* compl ¶¶ 98-105, 107-112). Aside from this conclusory assertion, however, the Complaint fails to identify what, if any, confidential information was purportedly misappropriated by defendants or defendants effectuated such a misappropriation. Because "the typical questions of who, what, when, where, why, and how have not been answered in any manner, shape, or form" by these allegations, dismissal of these two claims is warranted (*see InterFysio, LLC v Catherine May Co-Damm*, 2006 WL 8089346, at *1 [Sup Ct, New York County, Aug. 1, 2006]).

Defendants' motion to dismiss the Sixth and Seventh Causes of Action is granted, and the claims are dismissed.

\* \* \*

Before concluding, the court is compelled to make a final point: as defendants note, Tandym's complaint is a near carbon copy of a separate lawsuit against different defendants pending before the New York State Supreme Court, New York County, captioned *Tandym Group, LLC v Atlas Search LLC et al*, Index No. 655837/2023 (*compare* NYSCEF # 8 *with* NYSCEF # 9). This seemingly explains why (1) the Complaint refers to non-existent contractual terms, (2) Tandym's claims are largely unconnected to the defendants it has chosen to sue, and (3) Tandym otherwise fails to provide any requisite details necessary to give adequate notice of its claims to defendants. Put bluntly, the pleading was woefully lacking and riddled with inaccuracies and deficiencies abound.

### Conclusion

In view of the above, it is hereby

ORDERED that defendants' motion to dismiss (MS001) is granted; and it is further

ORDERED that defendants shall serve a copy of this order together with a notice of entry upon plaintiff and the Clerk of the Court within 10 days of this order.

This constitutes the Decision and Order of the court.

| 08/21/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **MARGARET A. CHAN, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

655839/2023 TANDYM GROUP, LLC vs. MISSION STAFFING INC. ET AL
Motion No. 001

Page 9 of 9

[* 9]

9 of 9