Pettie v Bronx Neighborhood Hous. Servs. CDC Inc. (2024 NY Slip Op 04350)

Pettie v Bronx Neighborhood Hous. Servs. CDC Inc.

2024 NY Slip Op 04350

Decided on August 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 29, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Index No. 4500-22 Appeal No. 2476 Case No. 2023-01847 

[*1]Lorraine R. Pettie, Appellant,
v
The Bronx Neighborhood Housing Services CDC Inc., Respondent, Integral Construction One Inc., Defendant.

Lorraine R. Pettie, appellant pro se.
Sabaj Law, PC, Brooklyn (Anthony Matturro of counsel), for respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered on or about February 7, 2023, which, insofar as appealed from as limited by the briefs, granted the motion of defendant The Bronx Neighborhood Housing Services CDC Inc. (BNHS) to dismiss the complaint as against it, unanimously affirmed, without costs.
The motion court properly dismissed the complaint against BNHS. Plaintiff obtained a grant from the New York City Department of Housing Preservation and Development with the assistance of BNHS in order to do construction work on her home. The documentary evidence establishes that BNHS was not responsible for the quality of the construction work, nor was it tasked with supervising or managing the contractor selected by plaintiff to perform the work funded by the grant. Although plaintiff maintains that BNHS engaged in a fraudulent predatory lending scheme, plaintiff failed to allege any specific misrepresentation by BNHS, her basis for reliance, or any injury arising from the misrepresentation. Therefore, she did not state a claim for fraud (FNF Touring LLC v Transform Am. Corp., 111 AD3d 401, 401-402 [1st Dept 2013]). Moreover, the complaint alleges that BNHS would be unjustly enriched if plaintiff defaulted on the loan agreement. However, the injury that plaintiff alleged was to support an unjust enrichment claim (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
The breach of fiduciary duty claim was properly dismissed because plaintiff failed to allege facts supporting the existence of a fiduciary relationship between her and BNHS (see Bank Leumi Trust Co. of N.Y. v Block 3102 Corp., 180 AD2d 588, 589 [1st Dept 1992], lv denied 80 NY2d 754 [1992]). The tortious interference claim failed because plaintiff did not allege that BNHS intentionally caused the breach of her agreement with her contractor, nor did she adequately allege, in a nonconclusory manner, that BNHS intentionally prevented her from engaging a new contractor, solely for its own benefit (C.H.A. Design Export [H.K.] Ltd. v Miller, 191 AD3d 459, 459-460 [1st Dept 2021]; Jacobs v Continuum Health Partners, 7 AD3d 312, 313 [1st Dept 2004]).
The court properly dismissed the claim asserting a violation of General Business Law § 349 and the related claims of bad faith and unconscionability since plaintiff did not identify a deceptive or misleading act or practice by BNHS, a consumer-oriented activity, or an injury resulting from any purported deception by BNHS (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176 [2021]). Similarly, although plaintiff maintains that BNHS breached its duty of good faith under Uniform Commercial Code § 1-304, she fails to point to any way that BNHS acted in bad faith under the terms of the loan agreement. Furthermore, although plaintiff maintains that BNHS failed to inspect the work as agreed, the October 27, 2018 inspection report utterly refutes the claim that the work was not [*2]inspected (see Keld v Giddins Claman, LLP, 170 AD3d 589, 589 [1st Dept 2019]). The complaint also does not allege that plaintiff had "no meaningful choice" when she executed the loan agreement or any other circumstances that would support a claim of unconscionability, nor did she identify any provision of the loan agreement that was "unreasonably favorable" to BNHS (Green v 119 W. 138th St. LLC, 142 AD3d 805, 809 [1st Dept 2016] [internal quotation marks omitted]).
Finally, the complaint against BNHS alleges, at most, a hypothetical and contingent controversy in the event plaintiff is not able to maintain the 10-year residency requirement to be eligible for forgiveness of the loan. Therefore, plaintiff's request for a declaratory judgment was properly dismissed for lack of a justiciable controversy (see CPLR 3001; Touro Coll. v Novus Univ. Corp., 146 AD3d 679, 679-680 [1st Dept 2017]; Base Vil. Owner LLC v Hypo Real Estate Capital Corp., 92 AD3d 541, 541-542 [1st Dept 2012] ["Because we need not reach the merits of the declaratory judgment claim . . . dismissal of the claim, rather than a declaration in favor of defendants, is appropriate"]).
We have considered plaintiff's remaining contentions and find them unpersuasive.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 29, 2024